Louis Weddigen & others *vs.* Boston Elastic Fabric
Company.

To pay for a bill of goods, the buyer sent to the seller the check of a third person on a fourth,
and the seller, on receiving it, sent back a receipt for the amount of it, as received in
settlement of the bill. At the time of sending the check the buyer supposed it to be
good, but when the seller, within a reasonable time, presented it to the drawee, it was
dishonored. *Held,* that there was no accord and satisfaction of the original debt.

Contract by merchants in New York on an account for
goods sold to the defendants, a corporation established in Bos-
ton; submitted to the determination of the superior court, and,
on appeal, of this court, upon agreed facts, in substance as
follows:

On the afternoon of February 28, 1867, the defendants in-
closed in a letter and mailed to the plaintiffs, to pay for the
goods, a draft by Mellen, Ward & Co., bankers in Boston, on
Smith, Randall & Co., bankers in New York, for the amount
of the account in suit, payable upon presentation, at sight, with-
out grace. The mail was due in New York on the morning of
March 1, in season for distribution before business hours; but
when the plaintiffs went, as usual, to the post-office, on that
morning, the letter was not in their post-office box. They went
again, according to their custom, between one and two o'clock,
at which time they received the letter, containing the draft; but
it was then too late to present the draft for payment in the
ordinary routine of their business, although the ordinary hour for
closing banking houses and business offices in New York was
as late as three o'clock. They, nevertheless, on receiving the
draft, mailed to the defendants a written receipt (not under
seal) for the sum drawn for, as "received in settlement of the
bills" of goods in suit. The next day they presented the draft
to Smith, Randall & Co., who refused to pay it, stating and re-
fusing on the ground that Mellen, Ward & Co. had failed on
the previous day.

It was further agreed, subject to the defendants' objection to

the competency of the evidence, that, if the draft had been presented to the drawees at any earlier time after its actual reception by the plaintiffs, payment would have been refused in like manner.

*F. A. Brooks,* for the defendants. The facts find that the defendants gave, and the plaintiffs received, in payment of a debt for goods sold, the draft of a third party, and that the plaintiffs executed at the time a receipt or acknowledgment of payment. This was a good accord and satisfaction; discharged the original cause of action; and substituted another and new one in its place. *Booth* v. *Smith,* 3 Wend. 66. *Frisbie* v. *Larned,* 21 Wend. 450. *Brooks* v. *White,* 2 Met. 283. By the law in Massachusetts, the giving of a party's own promissory note for a simple contract debt will be held to be a payment, until the contrary shall appear to have been intended by the parties. *Ilsley* v. *Jewett,* 2 Met. 173. *Whitcomb* v. *Williams,* 4 Pick. 230. Nothing is shown to control this legal presumption that the plaintiffs intended to take, and did take, the draft as an absolute payment. The receipt is inconsistent with any other view. If there was either an accord and satisfaction, or if the plaintiffs, in taking the draft, voluntarily treated it as in fact a payment, the result follows, that the original debt was thereby merged in the new security, according to the intention, irrespectively of the consequences to either party. So far as the old claim is concerned, it is not material whether, in discharging it, the plaintiffs acted improvidently, or in ignorance of any fact, if such fact was alike unknown to both parties, as in this case. No warranty of the solvency of parties to negotiable paper is implied by the negotiation of such paper unindorsed; much less where the negotiator is not a party to the paper in any way.

*E. Avery,* for the plaintiffs.

FOSTER, J. The defence of payment in this case cannot be maintained. The draft by Mellen, Ward & Co. on Smith, Randall & Co. of New York was a check, or draft, on a firm of private bankers, payable upon presentation, at sight, without grace. It operated as a conditional payment only of the original debt. In such a case, if the check or draft is presented for payment

within a reasonable time, and the bank or banker fails, the loss does not fall upon the holder, unless he has agreed to bear the risks, but he may return it to the party from whom he has received it, and maintain suit upon his original cause of action. *A fortiori,* this is true where, as in the present case, the draft was worthless when received. Even in the case of payment by bank bills, if the bank had failed before the bills were taken it is not a valid payment. Story on Bills, § 419. *Whitney* v. *Esson,* 99 Mass. 308. *Small* v. *Franklin Mining Co.* Ib. 277.

The draft was received towards the close of banking hours in New York, on March 1, the day of the failure of Mellen, Ward & Co. Presentment was made the next day, and payment was refused because of the failure of the drawers. It was immediately returned by the plaintiffs. Here was due diligence, and strict conformity with mercantile usages, on the part of the holders. The defendants suffered nothing by any delay, and no change of circumstances took place between the reception of the draft by the creditors and its return to their debtors.

The receipt of payment sent before the worthlessness of the draft was known to the plaintiffs is not conclusive evidence against them. It is common learning that a receipt not under seal is always open to explanation. *Brooks* v. *White,* 2 Met. 283. There was no evidence of accord and satisfaction between the parties, but only of a conditional payment, which the creditors had the right to rescind, and have rescinded.

*Judgment for the plaintiffs on the agreed facts.*