Scott, J.
The question in this case is, whether, under the state of facts shown by the agreed statement, the title to the coal passed unconditionally with the possession to the vendees, in-virtue of the contract of sale and delivery; or whether, as between the parties, the vendors had a right to rescind the contract, and reclaim possession of the coal.
This controversy is virtually between the vendors and the vendees; for the rights of the defendant, Barrett, who is the voluntary assignee in bankruptcy of the vendees, are only those of his assignors. No question arises as to the rights of a bona fide purchaser for value.
The terms of sale were, one-half cash, and the other half by promissory note at sixty days. The delivery of the coal, .and payment therefor, were concurrent conditions of the sale. Plaintiffs could not demand payment till delivery, .and upon delivery they had a right to expect present payment. A delivery, under such circumstances, without more, is, in law, conditional; and if payment be not made, ■the vendor may resume possession of the thing sold. Wabash Elevator Co. v. First Nat. Bk. of Toledo, 23 Ohio St. 311, and authorities there cited; Benj. on Sales, §§ 592, 677.
We must, therefore, regard the delivery mentioned in the agreed statement as conditional only, nothing being stated which would give it a different character. The purchasers proceeded to the execution of the contract, on .their part, by making and delivering their promissory note for the deferred payment. Eor some unexplained reason, the cash payment was not made till the next •day. But we can not infer, from the mere fact that a night intervened before the cash payment was made, that the plaintiffs consented to waive their right to require present payment, or to resume possession of the barge and ■its cargo, if payment should be refused. Such temporary *68 delay is quite consistent with the idea that the parties intended their respective rights to remain in statu quo, until payment should bo made. The burden is on the defendant to show that the plaintiffs waived any of their rights under the contract. On the next day the purchasers gave a check on their banker for the cash payment, and on the-following day became bankrupts. This was only a conditional payment, which would become absolute if the check was paid on presentation, or if presentation was unreasonably delayed to the injury of the drawers. The drawing" of this check was a false representation that the drawers-had funds sufficient to meet it, in the hands of the drawees; and its acceptance by plaintiffs’ agents was not an election to take security instead of cash. The law on this subject is thus stated by Mr. Benjamin, in his Treatise on Sales, § 781: “ But a man who prefers a check on a banker to-payment in money is considered as electing to take a-security instead of cash; for a check is accepted as a particular form of cash payment, and if dishonored the vendor-may resort to his original claim, on the ground that there-has been a defeasance of the condition on which it was-taken. But if a check received in payment is not presented within reasonable time, and the drawer is injured; by the delay, the check will operate as an absolute payment.” This doctrine is abundantly sustained by the authorities. Everett v. Collins, 2 Camp. 515; Smith v. Ferrand, 7 B. & C. 19; Pierce v. Davis, 1 Moody & Rob. 365; Hough v. May, 4 Ad. & Ell. 954; Small v. Franklin Minings Co., 99 Mass. 277; Weddigen v. Boston Flastic Fabric Co.,. 100 Mass. 422. And, on the latter point, Hopkins v. Ware, L. R. 4 Ex. 268; Smith v. Miller, 43 N. Y. 171.
The plaintiffs reside in Pittsburg, and their agents, in-Cincinnati, transmitted the check to that point, whence it was returned to a Cincinnati bank for collection, and thus a delay of four days occurred from the date of the check till its pr-esentation for payment. The drawees, for good cause, refused payment. The drawers had no funds in their hands, and were wholly insolvent. The drawees *69 •were still solvent, and the drawers sustained no loss by the delay. "We can not infer, from the agreed statement, that the check would have been paid if it had been pre•sented on the day of its date. No state of facts is shown which would have justified the drawers in expecting that it would be honored. They had not then provided, and •did not afterward provide, means for its payment, and were otherwise indebted to the drawees. They had as•sumed to appropriate absolutely a sum of money in their banker’s hands, and have no right to complain that the ■plaintiffs’ agents believed in the existence of the fund, and •expected it to lie in the hands of the bankers till called for. Byles on Bills, 20 (6th ed.)
As between the parties then, upon the dishonor of the check, we think the plaintiffs were clearly entitled to re•sume possession of the coal. But, in the mean time, the •coal had passed out of the control of the purchasers, and was in the possession of the sheriff: the purchasers had ■made a voluntary assignment of all their property, and were wholly insolvent. Under these circumstances a delay of three or four days occurred before the dishonored •check and worthless note of the purchasers were tendered ■back, and a return of the coal demanded. Whether the plaintiffs’ agents, Walton & Co., were still in Cincinnati, or had left that place before the protest of the cheek, does not appear. Be this as it may, it would be the duty of the Cin•cinnati bank, which, had received the check for collection, to inform its correspondent, at Pittsburg, of its protest. Information of the fact would naturally reach the plaintiffs ■through a cireuitpus channel, and they would seem to have lost no time in going to Ci n cinnati, and asserting their rights. No such delay is shown as would ^manifest an election not to rescind; nor does it appear that Ilaubold & Son were,in :any way, injured thereby. 'It ought not, therefore, to affect the right of plaintiffs to treat the supposed payment by •chock as a nullity, and wholly to avoid the contract of sale.
The judgment of the court in general term will be re-versed, and that of the court in special term will be affirmed.