McIlvaine, C.'J.
It appears from the testimony set out in the bill of exceptions that on July 11, 1876, the plaintiff’ in error remitted by mail from Ripley, Ohio, where he resided, to Sleet & Rose, defendants in error, at Cincinnati, Ohio, where they resided, a check or draft for $61.77, drawn by Reynolds & Co:, bankers at Ripley, Ohio, on E. Kinney & Co., bankers at Cincinnati, Ohio, payable to the order of H. Fleig (plaintiff in error), and by him indorsed to Sleet & Rose in payment of the account upon which suit is brought; that on the following day Sleet & Rose received the check by due course of mail, and immediately remitted to Fleig a receipt as follows :
*55 “ Cincinnati, July 12,1876.
“ Received of H. Fieig, Esq., sixty-one and dollars, in payment invoice teas, February 28.
$61.77. “ Sleet & Rose.”
It further appears that Sleet & Rose did not present the check to E. Kinney & Co. for payment until July 15th,'when payment was refused on the ground that the drawers had no funds in the bank subject to draft. Whereupon the cheek was immediately returned to Fieig by letter, with information of the dishonor, and a request that Fieig should remit the amount of the account. This letter was duly received, but was not answered before suit was brought on the account.
Reynolds & Co. failed on the 11th of July,' the same day the check in question was drawn, having overdrawn their account with E. Kinney & Co. on the previous’day, July 10th. E. Kinney & Co., however, continued to honor the drafts of Reynolds&Co. until Julyl2th, when the failure of the latter was first learned by the former. Payment of the check in question would have been refused by E. Kinney & Co. at any time .after notice of the failure. No question is made in this case as to the liability of Fieig as indorser on the check alleged to have been used as the medium of paymept of the account sued on. The delay of the indorsees in presenting the same for payment to the drawees may be assumed as negligence under the law merchant, whereby the indorser as such was discharged.
Neither is there any doubt as to the fact that the parties agreed that the transfer of the check was in payment of the account. The sole question is, was the ageeement under the circumstances set forth a valid contract, whereby the former relations of debtor and creditor, on account of goods sold and delivered, was in law extinguished.
It is not controverted that where a debtor makes and delivers a check to his, creditor in payment of an account, upon a bank where the debtor has neither funds nor credit, it is not a payment of the account, although the creditor receives it as such. In such, case there is no satisfaction of *56 the indebtedness ; such check is valueless. By its delivery it is impliedly represented that there are funds in the hands of the drawee subject to its payment. Relying on this representation, it is accepted as payment. Its falsity relieves the creditor from his agreement, no matter whether the act of the debtor is fraudulent or bona fide. The agreement is wdthout consideration and void. ■ The account remains an existing and continuing cause of action.
Is there any difference in effect between the case put and one where the debtor indorses to his creditor a worthless check drawn by a third person who has no funds subject to its payment? ¥e think not. In the hands of the debtor before indorsement it was without value. From the act of indorsement asimilar representation is implied, on the faith of which it is taken as payment by the creditor. ■ Between the debtor and creditor there is an accord, but no satisfaction. In law, it is like payment in counterfeit money, or broken bank bills. The claim thus intended to be paid remains a subsisting cause of action.
If, by the delay of Sleet & Rose in presenting the check for payment, any prejudice had resulted to Fleig, a different question might have arisen in the ease. But no such prejudice is shown. There were noffunds in the hands of the drawees subject to the payment of the cheek at the time it was drawn or subsequent thereto. It would not have been paid if presented at the close of banking hours on the day it was received.
The drawers, Reynolds & Co., had failed before the receipt of the check by Sleet & Rose; hence no question other than the one above considered has been raised in this case.
The views we have above expressed are supported by several decided cases, from which we cite Weddigen v. Boston Elastic Fabric Co., 100 Mass. 422.

Judgment affirmed.