ROBERT WALSH

*v.*

MICHAEL LENNON.

*Filed at Ottawa September 25, 1880—Rehearing denied March Term, 1881.*

1. PARTNERSHIP—*acts of one partner as binding upon the firm.* One partner has not the power to bind the other members of the firm by deed, without other authority.

2. It is, however, within the power of a partner in the mercantile business to borrow money in the name of the firm, and to bind the firm by an agreement to pay interest on the same at any lawful rate, and to sign the firm name to any writing admitting the fact of borrowing and promising to pay, and thereby furnish evidence against the firm and each of its members.

3. In assumpsit against the members of a firm, a note under seal, signed in the firm name by one of the partners, reciting that it was given for money borrowed, and promising to pay ten per cent interest, is admissible under the common counts, and a recovery may be had of both principal and interest on producing the note on the trial, to be canceled. In such case the seal adds nothing to the force and effect of the instrument as an admission of the loan, and of the interest agreed to be paid.

4. PAYMENT—*effect of giving a promissory note.* The giving of a promissory note for a pre-existing debt, whether sealed or unsealed, does not pay or discharge the original debt unless it be agreed that the note shall be accepted as payment and satisfaction,—and, in the absence of such an agreement, assumpsit may be maintained for the original debt if the note be produced on the trial to be canceled.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant:

The instrument sued upon is executed in the name of "Walsh Bros.," and is under seal, and the proof shows that it was so executed by Thomas Walsh, one of the partners of Walsh Bros., and it is sought to charge the firm upon the instrument alone.

It is an inflexible rule of law, that one partner can not affix the seal of his co-partner without his express authority.

The reason of the rule has its foundation in the fact that the seal belongs to the common law, and not to the law merchant, while partnership belongs to the law merchant and not to the common law. Parsons on Partnership, 186; *Paine* v. *Weber,* 47 Ill. 44.

It may be asserted, as the conclusion of all the authorities, that when an instrument under seal is executed in the name of the firm by one partner only, to charge the firm it must be shown, either that some prior authority was given, or subsequent ratification had—an adoption of the act by the other partner.

The plea in abatement puts in issue the existence of the partnership, while the plea of the general issue, verified by affidavit, puts in issue, not only the signing of the note, but the authority of the partner who signed the note to execute that particular instrument. *Warren* v. *Chambers,* 12 Ill. 124; *Stillson* v. *Hill,* 18 id. 262; *Stevenson* v. *Farnsworth,* 2 Gilm. 718; *Zuel* v. *Bowen,* 78 Ill. 234; *Davis* v. *Scaritt,* 17 id. 202.

The implied authority of one partner to make notes in the firm name, and so bind the firm, extends only to transactions in reference to the business of the partnership and on partnership account. *Wright* v. *Brosseau,* 73 id. 383.

Messrs. HILL & DIBELL, for the appellee:

While it is undeniably true that one partner can not ordinarily bind his co-partner by an instrument under seal, executed in the firm name, yet it is equally well settled, at least in this country, that if the act be within the scope of the power and authority of such partner, it will not be vitiated, or any the less binding upon the firm, by being under seal. Story on Partnership, sec. 122; *Tapley* v. *Butterfield,* 1 Metc. 515; *Sweetzer* v. *Mead,* 5 Mich. 107; *Everett* v. *Strong,* 5 Hill, 163; *Everett* v. *Strong,* 7 id. 585.

This exception is very clearly stated in the opinion of the court in *Tapley* v. *Butterfield, supra:* "If an act be done which one partner may do without deed, it is not the less

effectual that it is done by deed. It is clearly within the scope of partnership authority."

It is also well settled that in ordinary commercial partnerships, each partner may draw, negotiate, accept or indorse bills of exchange and promissory notes, and checks, and other negotiable securities, or any other acts which are incident or appropriate to such trade or business. *Ulery* v. *Ginrich*, 57 Ill. 533; Story on Partnership, secs. 102, 102a.

As to how far one partner may bind the firm, see Story on Partnership, secs. 103-4-5; Story on Promissory Notes, sec. 72; *Wilkins* v. *Pearce*, 5 Denio, 541; *Sage* v. *Sherman*, 2 Comst. 418.

As to the rule, that in matters where one partner may properly bind the firm, the addition of a seal will not vitiate the act or render it nugatory, see *Orn* v. *Chase*, 1 Meriv. 729; *McCullough* v. *Summerville*, 8 Leigh, 415; *Purviance* v. *Sutherland*, 2 Ohio St. 478; *Despatch Line* v. *Balamy Mfg. Co.* 2 N. H. 206; *Evans* v. *Wells*, 22 Wend. 240; *Lucas* v. *Bank of Darien*, 2 Stew. (Ala.) 297; *Price & Co.* v. *Alexander & Co.* 2 Greene, 433; *Tapley* v. *Butterfield*, 1 Metc. 515; *Milton* v. *Mosher*, 7 id. 248; *Wood* v. *A. & R. R. R. Co.* 4 Seld. 167; *Flagely* v. *Bellas*, 17 Pa. St. 67; *Robinson* v. *Crowder*, 4 McCord (S. C.) 519; *Crozier* v. *Carr*, 11 Tex. 376; *Mitchell* v. *St. Andrews Bay Land Co.* 4 Flor. 200; *Sweetzer* v. *Mead*, 5 Mich. 110; *Human* v. *Caniffe*, 32 Mo. 318; *Lawrence* v. *Taylor*, 5 Hill, 107; *Damon* v. *Cranby*, 2 Pick. 352; *Everett* v. *Strong*, 5 Hill, 163; *Dubois' Appeal*, 38 Pa. St. 231; *Gibson* v. *Warden*, 14 Wall. 247; *Ex parte Bosanquit*, 1 DeGex, 439; 2 Pars. Part. 191; Story's Agency, sec. 19; 1 Amer. Lead. Cases, 554; *Trewett* v. *Wainwright*, 4 Gilm. 411.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is an action of assumpsit, brought by Lennon, against Robert Walsh and Thomas Walsh, as partners, doing busi-

ness under the firm name of "Walsh Bros.," upon an instru-
ment in writing, dated Joliet, Ill., May 27, 1875, and
purporting, on its face, to be signed and sealed by Walsh
Bros. and by Thomas Walsh, by which they promised, jointly
and severally, for value received, to pay to the order of Len-
non $980, one day after date, with interest at ten per cent per
annum after due, in which instrument it was recited that the
same was given for money loaned. The instrument also con-
tained a power of attorney authorizing a judgment by con-
fession to be entered at any time for the amount then due
thereon.

Defendants were served with process. Thomas Walsh
suffered judgment by default. Robert Walsh made defence,
upon the sole ground that he did not seal the instrument in
question. The declaration contained special counts upon the
instrument, and also the common money counts.

On the trial, it was proven that Thomas Walsh and Robert
Walsh were partners, doing business as dealers in dry goods,
under the firm name, "Walsh Bros.," and that Thomas
Walsh signed the firm name to the writing in question. It
is authenticated thus:

"Witness our hands and seals.

                    WALSH BROS.     [SEAL.]
                    THOMAS WALSH.   [SEAL.] ·
                                    [SEAL.] "

The plaintiff recovered, and Robert Walsh appeals to this
court.

It is insisted that the instrument, being a sealed instru-
ment, is not such an instrument as one partner may execute
for another. It is well settled that the power of a partner
does not enable him, merely as such, to bind the other mem-
bers of the firm by deed. It is, however, among the powers
of a partner in such business, to borrow money in the name
of the firm, and thus render his partners liable for the sum
borrowed; and to bind the firm by an agreement to pay inter-
est on the same at any lawful rate; and to sign the firm name

to any writing admitting the fact of the borrowing, and promising to pay, and thereby to furnish evidence against the firm and each of its members. All this Thomas Walsh did do, and thereby, (as a majority of the court think), did bind the firm and each of its members. He also added a seal to the signature. This he had no authority to do, in behalf of his firm or of his partner. This seal added nothing to the force and effect of the writing to which the firm name was signed, and a majority of the court are of opinion that the addition of a seal to the firm name did not impair or vitiate the written acknowledgment of the firm, and the written promise of the firm contained in the paper, and sanctioned by the firm name placed there by one of the partners.

It is undoubtedly true, that one partner has no power to bind the firm by deed,—but this instrument is not sued upon as a deed. The declaration contains the common counts. The proof shows defendants were partners, and that the writing in question has the firm name attached thereto by one of the partners. This partner had the right to borrow money on the credit of the firm and give the promise of the firm for its payment. A seal is not necessary to render such a promise effective. The writing, without reference to its effect as an obligation, contains a written admission that the money was borrowed by the firm at the agreed rate of interest mentioned. Had the partner written a letter to a third party and stated these facts in the letter, can any one doubt that such a letter, signed by one of the partners, would be competent evidence to prove these facts? And can it be contended that the adding of a seal to the letter would have impaired the force of such evidence? *Purviance* v. *Sutherland*, 2 Ohio St. 478. The giving of a note for a debt, whether sealed or unsealed, does not pay or discharge the debt, unless it be agreed that it shall be accepted as payment and satisfaction, and assumpsit may be maintained for the debt, if the note be produced on the trial to be cancelled. One partner, acting for the firm, may, in its name, appoint an agent and author-

Mr. Justice SCHOLFIELD, dissenting.

ize him to bind the firm by his contracts, made in the name
of the firm by him, as such agent. Such authority may be
given in writing, and such writing need not be under seal;
and if a seal be added it will not vitiate the effect of the
writing. *Lucas* v. *Bank,* 2 Stewart (Ala.) 297.

There are many respectable authorities to the position, that
while one partner can not bind his co-partners by deed, yet,
if the instrument used in commercial transactions be valid
and effective without a seal, and within the power of a part-
ner, the attempt to seal the same in behalf of the firm will
not vitiate its legal effect as an unsealed instrument. See
Parsons on Part. (2d ed.) p. 191, note m, and *Price* v. *Alex-
ander,* 2 Greene (Ia.) 427; *Lawrence* v. *Taylor,* 5 Hill, 107;
*Sweetzer* v. *Mead,* 5 Mich. 107; *Tapley* v. *Butterfield,* 1 Metc.
575; *Gibson* v. *Warden,* 14 Wall. 247; and authorities colla-
ted in Am. Law Reg. vol. 9, N. S. pp. 271–2.

Whatever may be the true rule on this question, a majority
of the court are clear that the plaintiff had a right to recover
under the common counts, by bringing in the paper to be
cancelled. The proof shows the partnership, from which
springs the power of one partner to borrow money for the
firm, and to promise, in behalf of the firm, to pay the princi-
pal at a given time, and the interest at any given, lawful
rate. The writing, proved to have been signed by one of the
firm, without reference to its effect as an obligation, contains
an admission made by one of the partners, that the money
was borrowed by the firm at the rate of interest mentioned.

The judgment must be affirmed.

*Judgment affirmed.*


Mr. JUSTICE SCHOLFIELD, dissenting:

I am unable to concur in the opinion of the court. So
long as, by our law, a scroll is held to be a seal, and a dis-
tinction is preserved between sealed and unsealed instruments,
I feel that we are bound to give to instruments like that in
evidence in the present suit, the legal effect that was attributed

to sealed instruments by the common law. I concede that the use of the scroll and the distinction between sealed and unsealed instruments, for most purposes, might well be abolished; but the duty of doing this, as I conceive, rests upon the legislature and not upon the judiciary.

The proof, in this case was: *First*—That Robert Walsh and Thomas Walsh, at the date of the instrument in evidence, were partners, in Joliet, in the dry goods business. *Second*— That Thomas Walsh executed that instrument. *Third*—The instrument. itself. *Fourth*—A computation of the amount due upon the instrument.

There was no other evidence before the jury. There is, therefore, no pretense that Robert Walsh was present ratifying the act of Thomas Walsh in signing the firm name to the instrument, nor that he, by any subsequent act, ratified such act. So, also, the only evidence of the original consideration of the instrument is found in its own recitals.

This court, in *Eames, impleaded,* v. *Preston et al.* 20 Ill. 389, held that a promissory note executed by one of a firm, in the firm name, with a scroll, is a sealed instrument as to the party who signed it, and that an action of assumpsit could not be maintained upon it. By necessary implication, the ruling was, also, that the seal was the seal alone of the party who affixed the scroll.

The common law rule was that a sealed instrument, executed in the name of a firm by one of its members, without express authority of the other members of the firm or their ratification of the act of execution, is the deed of the member executing it, only, and he alone is bound by it. This is shown by the authorities cited in the opinion,—but they also show that the rule is subject to this qualification—that the instrument shall be one to the validity of which a seal is necessary. And so they hold, in bills of sale of personal property, in deeds of assignment of personal property, and in chattel mortgages, and in all kindred cases where the addition of a seal neither adds to nor detracts from the legal

effect of the instruments, the fact that one partner in making and signing the firm name to the instruments, superadds·a scroll, does not render them inadmissible in evidence against the non-executing partners. But this is upon the principle that, as to such instruments the seal in nowise affects the legal nature or character of the instruments. As to them, not being required or recognized by law, it is an unmeaning symbol. The law has prescribed that the instruments shall be executed by the simple signature of the names of the parties to be bound, and any formula beyond and in addition to this is outside of the law, and hence to be regarded as of no legal significance. But that is not the effect of adding a seal to an instrument, which, without the seal, would be but a promissory note. In such case, what was before a promissory note, becomes, by the addition of the seal, a deed, thus entirely changing the legal character and effect of the instrument, as was held in *Eames Impl'd* v. *Preston et al. supra.*

It is clear, upon authority, that, in the present case, the action can not be maintained *on the instrument,* as against Robert Walsh. Collyer on Partnership, (6 ed.) 478; *Gerrard* v. *Basset et al.* 1 Dallas, 119; *Montgomery* v. *Bard et al.* 2 Ben Monroe, 244; *Trimble* v. *Smith,* 2 A. K. Marshall, 375; *Button et al.* v. *Hampson et al.* Wright (Ohio) 93; *McDonald & Mills* v. *Eggleson et al.* 26 Vermont, 154; Story on Partnership, § 119; 1 Am. Leading Cases (4 ed.) 450-1. This is conceded in the opinion of the court, but it holds that, nevertheless, there may be a recovery under the common counts on the evidence alone afforded by this instrument.

The general principle has been recognized by this court, that if a bond be given for a simple contract debt, the latter is lost in the former, the specialty being of a higher security. *Wann et al.* v. *McNulty,* 2 Gilman, 358; and if this, as applicable to the present case, may be accepted as the law, it must follow that an action could only be maintained against

Thomas Walsh, upon the deed, and not upon the original consideration.

In *Clement* v. *Brush*, 3 Johnson's Cases, 188, the question was, whether a partner whose name was signed to a promissory note under seal, (given for goods sold and delivered to the firm,) by his co-partner, without express authority, was bound. The court said: "One partner can not bind his co-partner *by seal*. The defendant Brush, who executed it, is alone bound by the *specialty*; and, it being a debt of a higher nature, it extinguished the simple contract or partnership debt."

In *Morris* v. *Jones & Spence*, 4 Harrington (N. J.) 428, suit was brought on a sealed instrument executed by John Spence in the name of Jones & Spence, for money borrowed by the firm. The court held, *First*—That there could be no recovery on the sealed instrument, because, being under seal, it was obligatory on Spence alone, and was not the deed of Jones, as Spence had no authority to bind him by such an instrument. *Second*—That there could be no recovery on the count for money lent, because the taking of the obligation of Spence for the money so lent, extinguished the remedy on the simple contract against the partners, and the remedy was against Spence alone, on the instrument.

In *Nunnely* v. *Doherty*, 1 Yerger, 26, the question was, first, whether the partner could bind the firm by a sealed instrument or deed, executed in consideration of a partnership debt, where the partnership agreement was under seal, but contained no such power; and, secondly, if he could not, whether an action could be sustained against the partnership upon the original simple contract debt. The court answered both questions in the negative, and observed, in respect of the latter: "This point forms the gravamen of the case on the part of the plaintiff, and, though having very little doubt, we were willing to take an *advisari*, to see if there was any possible way of getting over it; but, on looking into the books within reach, the hope of finding any such way is

extinguished, and we are, with reluctance, constrained to say that the plaintiff can not maintain an action on the simple contract, for by taking and accepting the sealed note for the simple contract, it is merged and gone." This is the doctrine laid down in *Higgins' case* (4 Coke's Rep. 45), and it has been followed ever since. It is there said: "He who has a debt by simple contract, and takes a bond for the same debt, or any part of it, the simple contract is determined." In *Waugh & Finley* v. *Carrigen* (id. 31) there was like ruling. *McBride* v. *Hogan,* 1 Wend. 326, recognizes the same doctrine.

In *Bond* v. *Aitkin,* 6 Watts & Sergeant, 165, one of the questions was whether the bond of one partner, taken at the time money is loaned to the firm, and as the consideration for such loan, is an extinguishment of the debt, and it was held that it was. The court said: "Where the bond of one of the partners is taken for an antecedent partnership debt, it may be considered either as a payment and extinguishment of such debt, or only a collateral security, according to the nature of the transaction and the circumstances attending it. *Wallace* v. *Fairman,* 4 Watts, 378. But where there is no antecedent debt, but the bond of one partner is taken at the time money is loaned to the partnership, and as the consideration for loaning the money, it can hardly be treated as collateral security. It must be considered as all one transaction, and the bond as the only security contemplated; unless, perhaps, there were strong and positive evidence to show an express agreement to the contrary by all parties. If so, then in this case the bond was the only debt; the plaintiff, if he recovered at all, must recover on it, and not on the money counts. And as there was no implied contract by both, so the express promise proved was only by one."

I am aware that it has been held by some courts that, as a bond is not an extinguishment of a simple contract debt, where it is intended that it should not be, a bond by one partner, in the name of the firm, for a simple contract debt,

Mr. Justice SCHOLFIELD, dissenting.

will not discharge the firm, because it is apparent on the face of the instrument that it was not intended to accept the liability of a single partner in lieu of. the firm, and, consequently, that the firm may be sued upon the original simple contract. But this ruling, in my opinion, is well shown by the learned editors of the American Leading Cases, in their notes to *Livingston* v. *Roosevelt, etc., Rogers* v. *Bachelor,* vol. 1 (4th ed.), 451, to proceed upon a misapprehension of the extent to which intention can control the principle of extinguishment. They say: "The only case in which a bond will not be an extinguishment in law of a simple contract, is where it is intended to be a collateral security, and not an absolute liability; but if a partner give an absolute liability, under seal, it will extinguish his liability upon the parol contract, and if the parol liability is extinguished as to one, it is extinguished as to all, because a part can not be sued alone; and where an absolute liability by deed is thus given, intention can not prevent either the extinction of the parol liability of the one giving it, or the discharge of all from the parol liability as a legal consequence of the discharge of one." But, they say, "where such a bond has been taken under a misapprehension of its effect in discharging the firm, *equity* may relieve against extinguishment, and keep alive the liability of the firm." See, also, 2 Daniels on Negotiable Instruments, § 1293; Story on Partnership, § 155.

Whether, therefore, the suit here is to be regarded as on the instrument itself, or on the original consideration, the judgment below is wrong, because unsustained by legal evidence, and should be reversed.

The suit is not maintainable against *Robert* Walsh *on* the instrument, and the original simple contract being merged in the instrument, there can be no recovery except on the instrument, and that must be against Thomas Walsh alone.

I am authorized to say that Mr. JUSTICE MULKEY, who joins with me in dissenting from the opinion of the Court, concurs in the foregoing views.