ASENATH M. BOND

*v.*

THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

*Filed at Ottawa June 16, 1883.*

1. PAYMENT—*by giving new security—so as to discharge a prior mortgage.* Where it clearly appears that the giving of new security is intended as an absolute payment of a mortgage indebtedness, it will have that effect, but not otherwise. The presumption is always the other way. The general rule is, that no change of the evidence of the mortgage indebtedness will operate as a discharge of the mortgage.

2. In this case a wife purchased premises, subject to a mortgage thereon, to secure an indebtedness bearing nine per cent interest, which she assumed to pay. On the maturity of the debt her husband applied for and obtained an extension of the time of payment by giving his own note for the sum due, bearing ten per cent interest. The wife then filed a bill to remove the mortgage as a cloud on her title, which was dismissed: *Held*, that there was no error in the order dismissing the bill, as the giving and acceptance of the new note did not operate as a payment and discharge of the mortgage indebtedness.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Mr. JOHN P. ALTGELD, for the appellant, contended that the giving up the old mortgage note, and taking a new note from another person who was perfectly responsible, operated as a novation, substituting the maker of the new note as the debtor, and discharging all prior debtors, as well as the mortgage.

Mr. ROBERT HERVEY, for the appellee:

It has been repeatedly held that the taking of the note, even of another person than the mortgagor, does not discharge the mortgage.   The debt must be paid, in whatever form it may be.   1 Hilliard on Mortgages, 476–478; *Pomeroy* v. *Rice*, 16 Pick. 22; *Baxter* v. *McIntyre*, 13 Gray, 168.

On assuming the payment of the mortgage debt Mrs. Bond became the principal debtor.   *Aldrich* v. *Cooper*, 2 L. C. in Eq. ·part 1, pp. 283–285; *Halsey* v. *Reeves*, 9 Paige, 446.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The present bill was filed by Asenath M. Bond, the appellant, in the circuit court of Cook county, against the Liverpool and London and Globe Insurance Company, the appellee, and others, to cancel a certain mortgage, and to have the same removed as a cloud upon the title to certain premises belonging to her, and which was an existing lien on the same at the time of her purchase, and which she then expressly agreed to pay as a part of the consideration of her purchase.   The defendant company filed a cross-bill, praying a foreclosure of the same mortgage which she sought to have removed as a cloud upon the title.   On the hearing, the circuit court decreed the relief sought by the cross-bill, and dismissed the original bill.   This decree, on appeal, was affirmed by the Appellate Court for the First District, and Mrs. Bond brings the case here for review.

The facts are these:   On January 1, 1869, Charles A. Day and Sereno Gilman obtained a loan from the appellee for

$4000, giving a note therefor, payable in five years, secured by a mortgage on a house and lot in Chicago, being the same mortgage now in controversy. The appellant subsequently bought the equity of redemption, and as a part of the consideration of her purchase expressly agreed to pay off this mortgage. When the mortgage matured, Marshall S. P. Bond, the husband of appellant, applied for an extension of the loan for another term of five years, which was granted, and he thereupon, as per agreement between him and the company, gave his own note for the amount of principal and interest then due on the mortgage, payable in five years, with interest at the rate of ten per cent per annum, the company at the same time surrendering to her the original note given by Day and Gilman, nothing at the time being said about cancelling the mortgage. The old note drew but nine per cent interest, while the new one drew ten. When the latter note matured it was not paid, and appellant, claiming to be relieved from the payment of the original indebtedness, by reason of her husband taking up the old note and giving his own for the same debt, filed the present bill, as already stated, and the question presented for determination is, did the giving of the new note by the husband operate as a payment and discharge of the mortgage indebtedness?

Where it clearly appears that the giving of a new security, as was done in this case, is intended as an absolute payment and discharge of the mortgage indebtedness, it will have that effect, but not otherwise. The presumption is always the other way. The general rule unquestionably is, that no change of the evidence of the mortgage indebtedness,—and a note is nothing more,—will operate as a discharge of the mortgage, and we see nothing in the circumstances of this case to take it out of the general rule. Jones on Mortgages, 924, *et seq.*

Perceiving no error in the judgment of the Appellate Court it is therefore affirmed.

*Judgment affirmed.*