SAMUEL S. CHISHOLM ET AL.

v.

F. F. RANDOLPH ET AL.

*Mechanic's Lien—Averment in Petition as to Lot Improved—Completion —Time of—Extension of Time of Payment Beyond One Year—New Note —Effect of Extension on Lien.*

Upon a petition for a mechanic's lien, a demurrer having been sustained by the court below, it is *held:* That an averment that the improvements in question were to be made upon a certain lot, although the contract refers to no particular lot or tract, is a proper averment of fact, the truth of which the demurrer admits; that the completion of said improvements dates from the making of a working test; that whether a note at nine months was paid by the giving of a new one depends upon the intention of the parties; that the contract, as existing when the performance was begun, must determine for all parties whether a lien was created, and for subsequent creditors, incumbrancers and purchasers when the limitations prescribed in Sec. 28 began to run; and that, subject to the operation of said section in this view of the contract, no indulgence between the parties to it in respect to the time of completing the work, or of paying for it, divested the lien when once attached.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Coles County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. WILEY & NEAL, for appellants.

Mr. I. A. BUCKINGHAM, for appellees.

PLEASANTS, P. J.  The question in this case is upon the sufficiency of the petition for a mechanic's lien, which was dismissed on demurrer thereto sustained.

By agreement in writing of May 10, 1882, appellants were to put into the flouring mill at Charleston, Illinois, owned by appellee Randolph, certain machinery and improvements, and have the same complete and in running order by the first day of August then next, with certain guarantees, general and special, as to its performance, " if run according to their program, by a person agreeable to them."  Randolph was to pay therefor $18,500, as follows:  In cash, during the performance of the work, all freights, weekly wages of workmen and other sums, up to $10,500, on the machinery and other articles furnished, as they should arrive, up to said first day of August; and " at the expiration of the time set, and upon completion and satisfactory performance as above stated of said mill," execute his promissory notes for the balance in four installments, at three, six, nine and twelve months respectively.

The work was done by the day so fixed, but the mill was not tested and accepted until the 15th of September, when the notes were executed.  All were duly paid except the one at nine months for $2,105, which was assigned before maturity to the Nordyke & Marmon Company, an Indiana corporation.  Upon this he desired an extension, which the assignee declined to grant unless appellants would guarantee its payment.  They assented, and thereupon it was surrendered and a new one, dated June 15, 1883, for the same amount, at four months, with interest at eight per cent., was executed by him to said company and guaranteed by appellants.  This remaining unpaid at maturity, suit was brought thereon in the name of the company against Randolph, to the November term, 1883, of the Circuit Court for Coles County, and judgment obtained for $2,179.29, and on the first day of that month the original petition herein was filed.

Such are the facts as set forth in the amended petition; which further avers that the note to the company was not given or

accepted, or understood to be in satisfaction of the one surrendered, and that when the original petition was filed appellants held and controlled said new note and now absolutely own and control said judgment, which they are ready to satisfy, transfer or otherwise dispose of as the court may direct, and that it is wholly unpaid. It also describes the lot of land on which the mill is erected and avers it was the lot intended in the contract.

The other appellees were made defendants as having or claiming, respectively, some interest in the premises which is alleged to be subject to appellants' lien, and the prayer is in the usual form in like cases.

On behalf of appellee it is said, first, that the contract set out does not refer to any particular tract of land or town lot. To which the sufficient answer is that the petition avers it does refer to the tract therein described. The contract itself does not describe any tract or town lot, but speaks of the work and improvements contracted for as to be made and done " in the flouring mill in Charleston, Illinois, owned by said party of the second part," which necessarily implies some tract or lot of land, and the application of this reference may be fixed by averment and proof. It is not an averment of a conclusion but of a fact, and its truth is admitted by the demurrer.

It is further contended that by the contract the first day of August, 1882, was the time stipulated for the completion of the work and furnishing the materials, and the time of payment being beyond one year thereafter, no lien was created. R. S. Ch. 82, Sec. 3.

We think the fair construction of the contract is, that by the first of August all the machinery was to be set up in running order, and all the improvements made ready to be tested, but whether completed according to the contract and the guarantees of the mill's performance therein contained, was still to be determined by the working test, for which Randolph was to have a reasonable time. The averment is that all the work was done and the mill ready for this test by the first of August, but it was not known to be so done as to require no

further work of appellants until the 15th day of September. The facts stated conclusively imply that both parties understood that to be the time of completion as intended by the contract.

Next it is claimed that the note at nine months was paid by the giving of the new one to the Nordyke & Marmon Co., and thus the lien was extinguished. That would depend upon the intention of the parties. Bayard v. McGraw, 1 Ill. App. 140–1; Bond v. Insurance Co., 106 Ill. 654. And the petition avers it was not so intended. That appellants held and controlled that note when the petition was filed, and now own and control the judgment, is sufficient as an averment—by what means they own it being matter of evidence.

But the new note did extend the time of payment of a part of the contract price one month beyond a year from September 15, 1882, and the principal question made is whether such extension defeated or divested the lien.

The original contract was clearly such as to create a lien, being strictly within the statute providing for it. By it the debtor was bound to pay within a time not beyond a year from the completion of the work. If, after being so bound, the creditors saw fit to indulge him for a short time, carrying the payment beyond the year at his request, should they therefore lose their lien acquired by the contract?

The statute is silent on that question. No authoritative construction bearing directly upon it has been cited. No satisfactory reason has been suggested for it. On principle we see none. It is true that the statute is to be strictly construed as against the party claiming the lien. He must bring his case within its terms. Here the petitioners have done it by showing such a contract as the law requires, and its performance on their part. It is held that their right to it must depend on the contract as originally made. If it did not comply with the terms of the statute, no subsequent change or amendment could help it. Cook v. Heald, 21 Ill. 425. But it has not been held, so far as we are advised, that the lien, having once attached by means of such an original contract, would be divested by an indulgence of the debtor as to payment beyond

the time thus stipulated for it. He surely ought not to complain or attempt to take advantage of such indulgence granted at his own instance. Nor do we see any reason why subsequent creditors, incumbrancers or purchasers should complain, unless it is extended more than six months beyond the time specified in the original contract. They deal with the property at their peril. They are presumed to know the law, and must ascertain, as best they may, whether it is incumbered with such a lien. If it is, their claim is subject to it. Clark v. Moore, 64 Ill. 273. The creditor is not required to institute proceedings to enforce it within any definite time, except that prescribed by the general Statute of Limitations, as against the debtor, nor as against any other creditor or incumbrancer, except within that prescribed by section 28 of the Lien Act, which is six months after the last payment shall have become due and payable. Then, since he may actually indulge the debtor to this extent, what forbids his agreeing to do so, if nobody is thereby put in a worse condition? Here such proceedings were instituted within two months after the time fixed by the original contract for the last payment, and no party has been injured by the indulgence shown.

In Cook v. Vreeland, 21 Ill. 436, speaking of Sec. 2 of the former act, which corresponds with Sec. 3 of the one now in force, the court say: " This section evidently refers to the making and entering into the contract, when it prohibits (limits) the extension of the time for completing the work to three years and the time of payment to one year after its completion. There can not be anything else referred to but the contract, and that, we think, is the time fixed when the contract is first entered into by the parties, and not to a mere permission to complete the work after the expiration of the time, or an extension of the time for payment beyond the period first agreed upon."

We hold, then, that the contract, as existing·when performance is begun, must determine for all parties whether a lien is created, and for subsequent creditors, incumbrancers and purchasers when the limitation prescribed in Sec. 28 will begin to run; and that subject to the operation of that section, in this

view of the contract, no indulgence between the parties to it, in respect to the time of completing the work, or of payment for it, will divest the lien once attached.

We think the demurrer to the petition as amended was improperly sustained; and the decree will be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*