THE CHELTENHAM STONE AND GRAVEL COMPANY

*v.*

THE GATES IRON WORKS.

*Filed at Ottawa May 9, 1888.*

1. PAYMENT—*effect of accepting the promissory note of a third person, or of the debtor himself.* The fact that a creditor takes from his debtor the note of a third person, and enters the amount thereof as a credit upon his books, and includes the same in a subsequent statement of the account, does not afford a presumption of law that such note was received as an actual payment, and throw the burden of proof upon the creditor to show the contrary by a preponderance of the evidence.

2. The taking of a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment and to run the risk of its being paid, or unless the creditor parts with the note, or is guilty of *laches* in not presenting it for payment in due time. And it seems that the giving of a receipt for the amount is not enough to establish such a positive agreement.

3. PRACTICE—*improper remarks of counsel to jury.* In a case where the question was raised whether a note on a corporation was given in payment on account, defendant's counsel, against the plaintiff's objection, was allowed to argue that a scheme had existed whereby one of the officers of the defendant had foisted the note upon the plaintiff, knowing the maker to be or about to become insolvent, so that the loss might fall upon the plaintiff, the latter asked an instruction that there was no evidence in such regard, and that the jury should disregard such remarks, which was refused: *Held*, that while the remarks may have been improper, and the court might well have interposed as requested, this court could not say that the refusal to do so was such error as to require a reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. FREDERIC ULLMANN, for the appellant:

The crediting of the note on the plaintiff's books, and the rendering of the account so credited, with the balance struck, is evidence of an accord and satisfaction. *Frisbie* v. *Larned,* 21 Wend. 451.

Mr. HERVEY H. ANDERSON, for the appellee:

The check or note of a third person, given in payment of a note, is no payment, unless the check or note is paid. *People* v. *Howell,* 4 Johns. 296; *Tobey* v. *Barber,* 5 id. 68.

The rule universally recognized is, that the mere acceptance from a debtor, of his own note or the note of a third person, in case of an antecedent indebtedness, is not a payment of such indebtedness. In the absence of a special agreement, it is considered as a conditional payment, or as a collateral security. The debtor continues liable for his own debt in the event of the failure of payment of the note thus given or transferred. Thus, it is said in *Tobey* v. *Barber,* 5 Johns. 68, that "the rule is well settled that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment and run the risk of its being paid." This rule is also supported by the following authorities: *Hunter* v. *Moul,* 98 Pa. St. 13; *Johnson* v. *Weed,* 9 Johns. 310; *James* v. *Hackley,* 16 id. 273; *Peter* v. *Beverly,* 10 Pet. 532; *Akin* v. *Peters,* 45 Ark. 313; *Griffeth* v. *Crogan,* 12 Cal. 317; *Brown* v. *Olmsted,* 50 id. 162; *Jaffrey* v. *Cornish,* 10 N. H. 505; *League* v. *Waring,* 85 Pa. St. 244; *McIntyre* v. *Kennedy,* 29 id. 448.

To the same effect are the decisions of our courts: *Wilhelm* v. *Schmidt,* 84 Ill. 183; *Heartt* v. *Rhodes,* 66 id. 351; *Walsh* v. *Lennon,* 98 id. 27; *Stevens* v. *Park,* 73 id. 387; *Preston* v. *Jones,* 3 Bradw. 632.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county.

The case made by the evidence was this: Between March 19 and October 15, 1885, appellee, the Gates Iron Works, sold to appellant, the Cheltenham Stone and Gravel Company, machinery and merchandise to the amount of $3940.97. Accounts were rendered monthly, and payments were made on account from time to time. During August, 1885, appellee received from appellant iron to the amount of $2600, and a note, dated August 10, 1885, for $1000, due in ninety days from said date, signed by the Cheltenham Improvement Company, payable to appellee. Both these items, the iron and the note, were credited appellant on appellee's books, and the statement of account rendered appellant on September 1, showed a credit of the two amounts, and the statement of account thereafter rendered started off with the balance after deducting these amounts. When the transactions for the season were closed, appellee's books showed an indebtedness against appellant of $145.97. This amount is conceded to be still due. Prior to the maturity of its note the Improvement Company had become insolvent, and the note was not paid. Appellee sued the Improvement Company on the note, and obtained judgment, but was unable to collect it. Then it brought this suit against appellant on the account, ignoring the credit it had given for the amount of the note, and on the trial tendered appellant an assignment of its judgment against the Improvement Company. Appellee recovered a verdict and judgment for $1145.97, the full amount of its claim.

It is insisted that the presumption of law from these facts was that the note was taken in absolute payment, and as there was no evidence offered tending to rebut that presumption,

appellee was, on the case made by it, only entitled to a verdict for $145.97, and that the court erred in not granting appellant's motion, made when the appellee rested its case, to direct the jury to find a verdict for appellee for $145.97, and also in not giving the following instruction asked by appellant, but refused, viz:

"If the jury believe, from the evidence, that the note referred to was credited by the plaintiff to the defendant on the books of the plaintiff, and included as a credit in statements of account afterwards rendered by the plaintiff to defendant, then the presumption of law is that said note was received in payment, and the burden of proof is upon the plaintiff to show that such was not the intention of the parties at the time said note was given; and if the plaintiff has failed to show such intention that the same should not be received as payment, by a fair preponderance of testimony, the jury will find for the defendant on that issue."

Story, in his work on Promissory Notes, sec. 104, lays down the rule in this respect as follows: "In general, by our law, unless otherwise specially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated, *prima facie*, as a conditional payment only,— that is, as payment, only, if it is duly paid at maturity. But in some of the American States a different rule is applied, and, unless it is otherwise agreed, the taking of a promissory note is deemed, *prima facie*, an absolute payment of the pre-existing debt or other consideration. But in each case the rule is founded upon a mere presumption of the supposed intention of the parties, and is open to explanation and rebutter, by establishing, by proper proofs, what the real intention of the parties was; and this may be established, not only by express words, but by reasonable implication from the attendant circumstances." In *Tobey* v. *Barber*, 5 Johns. 68, a note of a third person was given for rent due, and a receipt given for the rent. The note was not paid, the maker having become

insolvent before the note became due.  The court say :  "The taking of the note was no extinguishment of the debt due for the rent.  It is a rule, well settled and repeatedly recognized in this court, that taking a note, either of the debtor or of a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to take the note as payment, and to run the risk of its being paid, or unless the creditor parts with the note, or is guilty of *laches* in not presenting it for payment in due time."  And it was held that the inference arising from the receipt was not enough to establish such a positive agreement.  *Johnson* v. *Weed,* 9 Johns. 310, is to the same effect,— a case where the note of a third person had been given in payment of a debt, and a receipt in full given.  *McIntyre* v. *Kennedy,* 29 Pa. St. 448, *Hunter* v. *Moril,* 98 id. 13, *Brown* v. *Olmsted,* 50 Cal. 162, are authorities in support of the rule that taking the note of a third person for a pre-existing debt is no payment, unless it be expressly agreed to take the note as payment.  The decisions in this State are essentially to the same effect.  *Walsh* v. *Lennon,* 98 Ill. 27 ; *Wilhelm* v. *Schmidt,* 84 id. 185.

It is insisted, that although the acceptance of the note, merely, might not be payment, yet treating the note as payment, as was done here, by crediting it as payment on appellee's books and in statements of account rendered, shows that the note was taken in payment.  We do not consider this any stronger evidence in that regard than were the receipts in full which were given in the cases cited from Johnson.  In regard to the receipt in *Johnson* v. *Weed,* the court remarked :  "It might still have been understood, consistently with the words of it, (receipt,) that the note was received in full, under the usual condition of its being a good note."  And so in *Brigham* v. *Lally,* 130 Mass. 485, a case where such a note of a third person had been taken on an open account and the debtor credited therewith, it was held that the trial court properly refused to rule that placing the note to the credit of the de-

fendant upon the plaintiff's journal and ledger, and making no other appropriation of the money, was, in law, a payment. We think the ruling of the court here complained of is entirely well sustained by authority.

Counsel for appellee, in his address to the jury, was allowed by the court, against appellant's objection, to argue that a scheme had existed whereby one of the defendant's officers had foisted the note upon the plaintiff, knowing the maker to be or about to become insolvent, so that the loss might fall upon the plaintiff; and an instruction asked by the defendant that there was no evidence in such regard, and that the jury should disregard the remarks of counsel with reference thereto, was refused, and this action of the court is assigned for error. While these remarks of counsel may have been improper, and the court might well have interposed, as requested, we can not say that the refusal to do so was such error as should cause a reversal of the judgment.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*