### Edwards v. Dillon.

1. *Parties—Power of One Partner to Bind the Firm by Deed.*—The rule of law in force in this State is that partners can not bind the firm by deed, and ordinarily, a partner, in making and signing such an instrument of writing in the firm name, binds himself only and not the firm.

2. *Ibidem—Previous Parol Assent.*—It is the rule in this State that, it the other partners give their parol assent previous to the execution of a writing that it should be under seal, it will bind them though they are absent when it is s'gned.

3. *Seal—Partnership Contract—Surplusage.*—An instrument which will be just as effective without a seal as with one for the purpose intended, and the contract in the instrument being within the power of a partner to make, and binding on the firm, had the seal been omitted, the seal will not vitiate the instrument, if otherwise valid, as to all members of the firm.

Memorandum.—Pleas in abatement. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 31, 1892.

#### APPELLEE'S STATEMENT OF FACTS.

Though the declaration in this case counts upon a sealed instrument, the action is brought in assumpsit. Appellee pleaded in abatement the non-joinder of his four partners. Appellant took issue by a traverse upon this plea; and the issue tried below was whether or not the contract declared

upon was the contract of Levi Dillon & Sons, or the con-
tract of Levi Dillon alone. The jury found it to be the
contract of the firm; and from the judgment rendered on
this verdict, appellant, Edwards, prosecutes an appeal.

*Contract referred to in the opinion :*

"This is to certify that Levi Dillon & Sons have this day sold to B.
Edwards, of Chicago, Ill., the imported Norman stallion, Cambrone, for
the sum of eighteen hundred dollars. We warrant the said stallion sound
and healthy, but assume no resposibility on account of disease or accident
after this date.

"We guarantee that the said stallion, with proper handling, shall
prove to be an average foal getter. In case said stallion shall fail to get
colts, we agree to exchange him for a stallion of equal merits, and to pay
half the expense incurred in making said exchange. Said stallion shall
have a fair trial for two years before being condemned as a breeder.
Cambrone was foaled in France, in 1880, and imported to the United
States by Dillon Brothers, in 1883. Cambrone is recorded in the National
Register of Norman horses, No. 2081.

"In witness whereof, we have hereunto set our hands and seal this
thirtieth day of January, 1884.

"LEVI DILLON & SONS." [SEAL]

## APPELLANT'S BRIEF.

An action on a contract under seal, signed and sealed by
one partner, in the name of the firm, though made in the
course of partnership business and for a partnership liability,
is the sealed instrument of the individual partner signing
the same, and the action must be brought against him alone.
Eames v. Preston, 20 Ill. 389; Harrison v. Jackson, 7 I. R.
207; Walsh v. Lennon, 98 Ill. 27; Story on Partnership,
Secs. 119 and 122 and note 3; Anderson v. Tompkins,
1 Brock. 456, 462; Collyer on Partnership, Sec. 671 and
notes; Gates v. Graham, 12 Wend. 53; Armstrong v. Robin-
son, 5 Gill & Johns. 412; Dunlap's Paley on Agency, 157
and note; Clement v. Brush, 3 Johnson's Cases, 180; Morris
v. Jones & Spencer, 4 Harrington (Del.), 428; Nunnely v.
Doherty, 1 Yerger, 26; Sibley v. Young (S. Car.), 2 S. E.
Rep. 314; Girard v. Basse, 1 Dallas, 119.

The authorities seem to be uniform that the one partner
who signs and seals in the firm name may be sued alone on
the sealed instrument. But some of the authorities hold

that all the other members are also liable on the instrument, if they authorized the one partner to seal the contract by an instrument under seal, but not otherwise. Eames v. Preston, 20. Ill. 389; Harrison v. Jackson, 7 T. Rep. 207; Nunnely v. Doherty, 1 Yerger, 26; Trimble v. Coons, 2 A. K. Marshall, 375.

Other authorities go further, and hold that the other partners are liable on the sealed instrument, if they expressly authorized (though not under seal) the one partner to seal for them, or if they expressly ratified the contract under seal after it had been made. Sibley v. Young, 2 S. E. Rep. 214.

We also claim that the alleged partners of the defendant were dormant or secret partners, unknown to the plaintiff, and plaintiff therefore had the option to join them as defendants or not, as he saw fit. Collyer on Partnership, Sec. 719; Story on Partnership, Sec. 241; Ex parte Norfolk, 19 Vesey R. 455. Proof of the existence of secret or dormant partners will not support the plea of abatement, unless it also appears that plaintiff had knowledge of the fact at the time of the contract. 2 Greenlf. Ev., 25 and 134; Goggin v. O'Donnell, 62 Ill. 66.

Oscar M. Torrison and Kerrick, Lucas & Spencer, attorneys for appellant.

## Appellee's Brief.

Partnership engagements are joint only; all who were partners at the date of the contract must be joined; each partner is entitled to have the judgment go against all; and a partner, sued singly, can only avail himself of these rules by a plea in abatement. Bates on Partnership, Sec. 1049; Page v. Brant, 18 Ill. 37; Puschel v. Hoover, 16 Ill. 340; Pearce v. Pearce, 67 Ill. 207.

While the general rule of the common law still prevails, that a partner has no implied power to bind his co-partner by a sealed instrument, yet the following modification of that rule is now recognized: If the act be one which

would be valid and effective without a seal, the addition of a seal by the signing partner does not vitiate it; and the seal may in such case be treated as surplusage. Sterling v. Bock, 40 Minn. 11; Alexander v. Alexander, 85 Va. 353; Robinson v. Crowder, 4 McCord, 287; Human & Co. v. Cuniffe & Co., 32 Mo. 316; Tapley v. Butterfield, 1 Met. (Mass.) 515; Everit v. Strong, 5 Hill (N. Y.), 163; Milton v. Mosher, 7 Met. (Mass.) 244; Dubois' Appeal, 2 Wright (Pa.), 231; Deckerd's Case, 5 Watts (Pa.), 342; McCullough v. Summerville, 8 Leigh, 415; Forkner v. Stewart, 6 Grattan, 197; Lucas v. The Bank of Darian, 2 Stewart (Ala.), 280; Mechem on Agency, Sec. 141.

One partner may bind his co-partner, within the scope of the partnership, by a sealed contract, if such act be either previously authorized, or subsequently ratified by the other partners; and such authority or ratification may be by parol, and may be inferred by a jury from the acts of the parties, or from the course of the business. Peine v. Weber, 47 Ill. 41; Wilcox v. Dodge, 12 Brad. 517; Walsh v. Lennon, 98 Ill. 27; Hier v. Kaufman, 134 Ill. 215; Cady v. Shepherd, 11 Pick. (Miss.), 400; McDonald v. Eggleston, 26 Vt. 154.

The presumption is, where a firm name is signed to a sealed instrument by one of the partners, that the partner so signing had authority to execute the instrument under seal. Lambden v. Sharp, 9 Humph. (Tenn.) 224; Alexander v. Alexander, 85 Va. 353; Remington v. Goodrich, 5 Wis. 138; Hier v. Kaufman, 134 Ill. 215.

Under the evidence in this case, all the four partners named in the plea in abatement were ostensible partners.

To constitute a dormant partner, three things are necessary: (1) He must take no active part in the business. (2) His name must not appear in the title of the partnership. (3) He must be unknown to those who lend credit to the firm. Bates on Partnership, Secs. 151 and 152.

A dormant partner is one " whose name and transactions as a partner are professedly concealed from the world." Bouvier's Law Dictionary, title " Dormant."

The word " dormant " implies both secrecy and inactivity. Parsons on Partnership, page 34, note P.

Partners who are represented in the firm style by the words " & Co." are not dormant, but ostensible partners. Podrasnik v. Martin, 25 Ill. App. 300; Goddard v. Pratt, 16 Pick. (Mass.) 428; Deford v. Reynolds, 36 Pa. St. 325.

Ignorance of the creditor who deals with the firm does not constitute a partner dormant as to him.

Messrs. DEFFORD & REYNOLDS and PHILLIPS & PORTER, attorneys for appellee.

OPINION BY THE COURT.

The appellant brought assumpsit against the appellee to recover damages for a breach of warranty contained in an instrument in writing set out in the declaration.

That instrument included evidence of a sale of a horse, and contained a warranty as to the qualities of the animal, and was signed " Levi Dillon and Sons. [SEAL.] "

The appellant assumed that Levi Dillon alone was liable, as a matter of law, on this instrument—he having signed it.

The appellee filed his plea in abatement alleging that the supposed promises in the declaration mentioned were made by a firm of partners, composed of Levi Dillon, John Harding, James Railsback, Ellis Dillon and James C. Duncan, all of whom were still living, and that the horse named in the instrument set out in the declaration was at the time of the sale thereof, the property of said partnership, and not the separate property of said Levi Dillon.

The plaintiff (appellant) filed his replication denying the plea, and upon the issue thus made the case went to a trial by jury, resulting in a verdict, and judgment thereon, in favor of defendant, the appellee, to reverse which the plaintiff, appellant, has brought the record here by appeal.

The only question is upon the rulings of the court in admitting evidence of the partnership and of the circumstances attending, and preceding the execution of the said instrument in writing and in giving and refusing instructions on the same subject.

It appears from the proof that said firm of Levi Dillon & Sons was engaged in the business of importing and selling Norman horses; that in making sales it was necessary to warrant the qualities of the particular animals sold; that the firm had prepared a printed form to be used in such cases, for a bill of sale without such warranty; that this was bound in books or pads containing forty or fifty sheets; that all the members of the firm were familiar with this form; that it was customary to use it in all cases where sales were made, and that whichever member of the firm made a sale, he would give the purchaser a bill of sale and warranty on one of these blanks, signing the firm name, Levi Dillon & Sons; that it was understood this would be done in all such cases; and that Levi Dillon made the sale and executed the instrument in this case, as, in fact, he did in most cases. The appellant objected to this proof, and insists now that it was not relevant or sufficient to support the plea. We think otherwise. It may be admitted that it is the rule in this State that partners can not bind the firm by deed; and ordinarily a partner, in making and signing such an instrument of writing in the firm name, binds himself only, and not the firm.

But it is also the rule in this State that if the other partners gave their parol assent previous to the execution of the writing, that it should be under seal, it would bind them, though they were absent when it was signed. Wilcox v. Dodge, 12 Brad. 517; Peine v. Weber, 47 Ill. 41; Walsh v. Lennon, 98 Ill. 27.

Tested by this rule, it is clear that there was evidence enough to show that the instrument here involved was binding on all the members of the firm.

It is apparent also that this instrument would have been just as effective without a seal for the purpose intended, and there are many authorities in support of the position that in such case, when the contract in the instrument is within the power of a partner, it would be binding on the firm, had the seal been omitted. The seal shall not vitiate such an instrument, otherwise valid as to all the firm. Story on

Partnership, Sec. 122, and citations found in the principal opinion in Walsh v. Sinnon, *supra.*

While this view of the matter seems to be very persuasive and forcible, it is perhaps in advance of the rule as it is to be gathered from the adjudications in this State.

We are of opinion the judgment of the Circuit Court should be affirmed.