## Albert S. Tyler and Louis A. Hippach, Copartners as Tyler & Hippach, v. Benjamin Hyde and W. H. Winslow.

1. PAYMENT—*Acceptance of a Second Note.*—The giving of a second note for the same debt does not necessarily extinguish liability upon the first note, and whether such second note was accepted as payment or merely as additional security is a question of fact.

2. SAME—*Taking a Second Note for the Same Debt—Whether Payment or Additional Security.*—If the giving of a second note extinguishes the liability upon a first note given for the same debt, it can only be by reason of an express agreement of the parties to that effect, and in the absence of such agreement, the presumption prevails that the second note was for additional security and not a payment.

Assumpsit, on a promissory note. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Finding and judgment for defendants. Error. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed February 9, 1899.

Benjamin Hyde, one of defendants in error, obtained credit from plaintiffs in error to the extent of $3,000, upon giving a note for that amount, signed by himself and also signed by defendant in error Winslow as a guarantor. The note bore date April 1, 1896, and was by its terms payable thirty days thereafter. Payments amounting to $700 were made by Hyde. After maturity of this note, Hyde gave to plaintiffs in error a note for $2,350, secured by a trust deed, the $2,350 being the balance then due upon the $3,000 note. This second note was not signed by Winslow, the guarantor of the first note. The suit here was brought upon the first

note against Hyde, maker, and Winslow, guarantor. The general issue was pleaded and later two special pleas were interposed which, in effect, averred that the $3,000 note, sued on, had been paid by the giving of the note for $2,350 and that said note for $2,350 had been accepted by plaintiffs in error in full satisfaction and discharge of the $3,000 note. Such payment and discharge by reason of the taking of the second note was disputed by plaintiffs in error, and the issue presented by these pleas of payment and replications thereto, was the only issue submitted to the jury. No question was raised in the court below as to any release of the guarantor, except as he would have been released by payment. The circumstances of the giving of the second note, i. e., the secured note for $2,350 from which defendants in error seek to have drawn a conclusion of payment, were as follows: When the $2,300 note was given, it was secured by a trust deed conveying certain real estate, and a contract for sale of real estate was also given as additional security. Hyde testified that upon the giving of the new note and securities, Hyde asked Tyler to "give back the old note." Tyler replied that "he was willing to give back the old note if I would pay him the $1,200, otherwise he was going to hold that, to be certain he would get his money; since if I could not pay him the note and he was obliged to sell the property, he would have Winslow on the old note. I then asked him if he would put that agreement in writing, that he would release Winslow on a payment of $1,200, and he did so." The written agreement was as follows:

"The undersigned hereby agree that upon payment by Benj. Hyde of his certain promissory note for twelve hundred dollars, dated Nov. 30th, 1894, and due on or before two years from that date, to Andrews & Piper for balance of purchase money on lots 8, 9, 10, block 20, in Berwyn, together with all costs of collection, if any, they, the undersigned, will return to said Benj. Hyde his note for three thousand dollars, dated April 1, 1896, due in thirty days thereafter, indorsed by W. H. Winslow, and cancel said evidence of indebtedness.

TYLER & HIPPACH."

Tyler (one of plaintiffs in error) testified that Hyde made no demand for a return of the original note; that plaintiff in error took the $2,350 note only as additional security, and that he so told Hyde at the time. He also testified that in connection with the giving of the new note Hyde had informed him that he was about to have a judgment entered against him; that he told Hyde that he ought to give him better security, and that he, Tyler, seemed unable to protect the note without suit. Tyler examined into the value of the real estate conveyed to secure the second note before accepting it. The note for $2,350 was, by its terms, payable on or before two years after its date, January 18, 1897. On the back of the original note was written, "I hereby guarantee payment of the within note. W. H. Winslow." "I hereby agree to an extension of time and guarantee payment of this note, or balance due thereon, at this date, October 24, 1896. W. H. Winslow."

Both notes were produced upon the trial.

Upon the issue presented, viz., payment of the note sued on, the jury found for the defendants. From judgment upon the verdict this appeal is prosecuted.

GILBERT & GILBERT, attorneys for plaintiff in error; KIRK HAWES, of counsel.

If a bill or a note is not surrendered the presumption is that it is not paid. Chitty, page 446; Buzzard v. Flacknoe, 1 Stark. 323; Brownbridge v. Osborn, 1 Stark. 374; 3 Randolph on Com. Paper, par. 1415, page 478.

The giving of a promissory note for a pre-existing debt does not pay or discharge the debt unless there be an absolute agreement to take the note in payment. Walsh v. Lennon, 98 Ill. 27; Bond v. The L. & L. & G. Ins. Co., 106 Ill. 654; Hercules Iron Works v. Hummer, 49 Ill. App. 598; Schumacher v. Edward P. Allis Co., 70 Ill. App. 556; Chisholm v. Williams, 128 Ill. 115; Wilhelm v. Schmidt, 84 Ill. 183; Cheltenham S. & G. Co. v. Gates Iron Works, 124 Ill. 623; 1 Edwards, Negotiable Paper, par. 286, page 201; 1st of Cowen's Reports, 359; Bill v. Porter, 9 Conn.

23; Sweet v. Titus, 67 Barb. 327; League v. Waring, 85 Penn. St. 244; 18 Am. and Eng. Encyclopedia of Law, 167.

The burden of proof is on the debtor to show that the note was both given and received as absolute payment. Hercules Iron Works v. Hummer, 49 Ill. App. 598; Johnson v. Weed, 9 Johns. 310; Nightingale v. Chaffee, 11 R. I. 609; Merrick v. Boury, 4 O. St. 60; Haines & Eppley v. Pierce, 41 Md. 221; Glenn v. Smith, 2 Gill & J. 493; McMurray v. Taylor, 30 Mo. 263.

The taking of a promissory note for a pre-existing debt in the absence of an agreement to the contrary is considered as additional payment or collateral security. Medley v. Specker Bros. & Co., 58 Ill. App. 157.

The general rule is that an action upon a primary debt and upon the collateral security may be prosecuted at the same time, even to judgment, though only one satisfaction can be obtained. Com. Ins. Co. v. Babcock, 57 Barb. 231; Ripley v. Greenleaf, 2 Vt. 129; Auburn Bank v. Hunsiker, 72 N. Y. 252; 3 Rand. on Com. Paper, par. 1677, page 782.

MORAN, KRAUS & MAYER and JOSEPH W. ERRANT, attorneys for defendants in error.

The question of whether it was intended or understood that the prior draft was paid by the acceptance of the new draft is, therefore, both upon authority and principle, a question of fact, not of law. It was competent for the jury, or, in this case, the court sitting as a jury, to consider all the attending circumstances proved, and deduce therefrom the understanding or intention of the parties in respect thereto. Belleville Savings Bank v. Bornman, 124 Ill. 200.

When a subsequent promissory note is given for the same consideration as a former one, it is a question of fact for the determination of the jury whether the former note is thereby satisfied. Yates v. Valentine, 71 Ill. 643.

MR. JUSTICE SEARS delivered the opinion of the court.

The only question necessary to be considered is as to the sufficiency of the evidence to sustain the verdict. But one

Tyler v. Hyde.

issue of fact was submitted, viz.: was the second note accepted in payment of the note sued on, or was it merely given as additional security? The giving of the second note for the same debt did not necessarily operate to extinguish the liability upon the first note. Wilhelm v. Schmidt, 84 Ill. 183; Walsh v. Lennon, 98 Ill. 27; Bond v. The L. & L. & G. I. Co., 106 Ill. 654; S. & G. Co. v. G. I. Works, 124 Ill. 623; Chisholm v. Williams, 128 Ill. 115.

These decisions distinctly hold that if the giving of the second note operated to extinguish liability upon the first note, *i. e.*, the note sued on, it could only be by reason of an express agreement of the parties to that effect. In the absence of any such agreement, the presumption would prevail that it was additional security and not a payment.

It may be that such an express agreement might be established by facts and circumstances surrounding the transaction, as well as by a more formal and distinct contract. Wilhelm v. Schmidt, *supra*. But the facts here all indicate that the parties did not regard the giving of the second note as a payment of the first. Hyde says that Tyler refused to surrender the first note, and insisted that he would retain it to hold Winslow until a $1,200 note, secured by a first mortgage upon the real estate conveyed to secure the $2,350 note, should be paid. The note sued on was not surrendered, but retained by plaintiffs in error. The written undertaking by plaintiffs in error to release Winslow upon the payment of the $1,200 note, is also wholly inconsistent with a payment of the first note by the giving of the second.

There can not be said to be any evidence in the record here sufficient to sustain a finding to the effect that there was a payment of the first note. The verdict, as being clearly against the weight of the evidence, should have been set aside and a new trial should have been awarded.

The judgment is reversed and the cause remanded.