## Daniel McHenry et al., Defendants in Error, v. Alfred E. Croft, Plaintiff in Error.

### Gen. No. 15,759.

NEGOTIABLE INSTRUMENTS—*when taking of note constitutes payment.* Unless otherwise especially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated *prima*

*facie* as a conditional payment only; that is, as payment, only, if it is duly paid at maturity.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed October 5, 1911.

ROBERT D. MELICK, for plaintiff in error.

MUSGRAVE & LEE, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This case went to trial on an amended statement of claim by the plaintiffs, here the defendants in error, alleging that a balance of $700 was due from the defendant, here the plaintiff in error, being the amount unpaid on a contract entered into by said defendant with plaintiffs whereby the defendant bought of the plaintiffs 699 shares of the capital stock of the South Bend Machine Mfg. Co. for the sum of $4,194. The jury found the issues for the plaintiffs and the court entered judgment on the verdict.

The defendant was obligated by said contract to make a cash payment of $1,500. He paid some $800 and gave to plaintiffs notes for the sum of $700 made by the John A. Mead Mfg. Co., payable to the defendant and endorsed by him, which said notes plaintiffs accepted and gave a receipt therefor. These notes were not paid.

We do not understand that it is here seriously claimed by the plaintiffs that under all the circumstances of the case there was any liability of the defendant as an endorser of the said notes. The real question presented to the court and jury was whether or not the plaintiffs accepted said notes and agreed that the same would be in full payment of the amount due on said contract.

In Stone and Gravel Co. v. Gates Iron Works, 124

Ill. 623, the court quoted from Story on Promissory Notes, as follows: ''In general, by our law, unless otherwise specially agreed, the taking of a promissory note for a pre-existing debt, or a contemporaneous consideration, is treated prima facie, as a conditional payment only—that is, as payment, only, if it is duly paid at maturity.'' The court also quoted other authorities holding that taking the note of a third person for a pre-existing debt is no payment unless it be expressly agreed to take the note as payment, and held the decisions in this State are essentially to the same effect, citing Walsh v. Lennon, 98 Ill. 27, and Wilhelm v. Schmidt, 84 id. 185.

If, then, the plaintiffs accepted the said notes and agreed that the same were in full payment of the said amount so due, there can be no recovery against the defendant in this case. Otherwise there is the right of recovery under the contract. This issue was submitted to the jury under instructions of the court clearly defining same, and to which no complaint is made, and we are of the opinion that the evidence sustains the verdict and the same should stand.

We think under the Municipal Court Act as applied to cases of the fourth class, the court did not err in permitting the plaintiffs to amend their statement of claim. No reversible error appearing the judgment is affirmed.

*Judgment affirmed.*