NATIONAL LIFE INSURANCE COMPANY OF VERMONT V. FREDERICK E. GOBLE.

FILED MARCH 17, 1897.   No. 7183.

1. Insurance: PAYMENT OF PREMIUM: DRAFTS. In the absence of an express agreement or other circumstances avoiding the operation of the rule, the remittance of a bank draft is not a payment in fact until the draft has been received, presented, and honored.

2. ——: ——: ——: RECEIPT. A written acknowledgment or receipt of payment is not conclusive when 'the medium' of the remittance upon which it was based has failed.

ERROR from the district court of Webster county. Tried below before BEALL, J. *Reversed.*

The facts are stated in the opinion.

*Bartlett, Baldrige & De Bord* and *J. S. Gilham,* for plaintiff in error:

The sending of the worthless draft and the return of the receipt did not constitute a payment of the premium. (2 Morse, Banks & Banking, sec. 543; 2 Daniel, Negotiable Instruments [ed. 1891], sec. 1262; 3 Randolph, Commercial Paper [ed. 1888], secs. 1534, 1548, 1551; 2 Edwards, Bills & Notes [3d ed.], sec. 748; *Weaver v. Nixon,* 69 Ga., 700; *Holmes v. Briggs,* 131 Pa. St., 233; *Fleig v.*

*Sleet,* 43 O. St., 53; *Gibson v. Toby,* 53 Barb. [N. Y.], 191; *Johnson v. Weed,* 9 Johns. [N. Y.], 310; *Mordis v. Kennedy,* 23 Kan., 289; *Everett v. Collins,* 2 Camp. [Eng.], 515; *Indig v. National City Bank,* 80 N. Y., 100; *Vail v. Foster,* 4 Comst. [N. Y.], 312; *Hodgen v. Latham,* 33 Ill., 344; *Hopkins v. Detwiler,* 25 W. Va., 748; *Malpas v. Lowenstine,* 46 Ark., 552.)

*James McNeny, contra:*

The purchase by assured of the draft in accordance with specific instructions of the company, the sending of the draft to the agent, the negotiation thereof by the insurer, the forwarding of the renewal receipt to assured, and the failure to return the dishonored draft amount to a payment of the premium. (*Currier v. Continental Ins. Co.,* 53 N. H., 538; *Gurney v. Howe,* 9 Gray [Mass.], 404; *Warwicke v. Noakes,* 1 Peake [Eng.], 98; *Jung v. Second Ward Savings Bank,* 55 Wis., 364; *Kington v. Kington,* 11 M. & W. [Eng.], 233; *Wakefield v. Lithgow,* 3 Mass., 249; *Palmer v. Phœnix Ins. Co.,* 84 N. Y., 71.)

HARRISON, J.

In this action the defendant in error sought to recover damages of the National Life Insurance Company of Vermont, alleged to have accrued in his favor by reason of the cancellation by the company of a policy of insurance on his life which it had issued and delivered to him. In the trial court the defendant in error was given a verdict and judgment, and the unsuccessful party has prosecuted error proceedings to this court.

It appears that on March 12, 1890, the insurance company, in consideration of payments then made and others promised in accordance with the terms of the contract, issued and delivered to defendant in error its policy of insurance on his life in the sum of $5,000, payable, at his decease, to his wife. It was stated in the policy: "This policy is issued by the National Life Insurance Company of Montpelier, Vermont, where all claims under it are

payable, and accepted by the insured and beneficiary under the following conditions: A premium of $18 shall be paid to said company upon the delivery of this policy, and a sum of $111 on or before the first days of July and January, during the continuance of this contract, in each year for the term of twenty years. Failure to pay any premium or any part thereof, or any note given therefor when due, shall cancel the insurance and this contract; except that after three full annual premiums have been paid the company guaranties—" Here follows an extended statement of what would be done or paid by the company at different dates during the life of the policy, beginning with three years from its date and ending with the twenty-fifth year, in consideration of certain stated acts to be performed by the holder of the policy. The defendant in error made all payments required by the contract to and including the one of $111 due January 1, 1891, by which the policy was continued in force to July 1, 1891. At some date during the month of June, 1891, defendant in error received from the agents of the insurance company at Omaha the following communication:

"*Mr. Fred. E. Goble, Red Cloud, Neb.*—DEAR SIR: The premium of $111 on your life insurance policy number 42899 will fall due July 1, 1891. Kindly give this notice prompt attention, as your insurance, if not paid, expires on that date. Please remit by bank draft, registered letter, express or post-office money order to M. L. Roeder & Bro., 403 Paxton Block, Omaha, Neb."

And on the 26th of that month purchased a draft and forwarded it to the agents. The draft was in the following terms:

"RED CLOUD NATIONAL BANK.

"$111.            RED CLOUD, NEB., June 26, 1891.

"Pay to the order of M. L. Roeder & Brother one hundred and eleven dollars.            CHAS. CLARY,

*"Cashier.*

*"To the Chase National Bank, New York City."*

This draft was received by the agents June 27, and on that day deposited in the Omaha National Bank and sent for collection to the Chemical National Bank of New York. On presentation to the Chase National Bank payment was refused, the Red Cloud bank having failed on the 28th of June. On receipt of the draft by the agents at Omaha they forwarded to defendant in error the proper renewal receipt, by which the payment of the premium was in terms acknowledged. The foregoing is a statement of the main and important facts of the transactions, the source of the present controversy, as detailed in the evidence introduced during the trial, and they were practically undisputed. One assignment of error was to the effect that the verdict was contrary to law and the evidence. The inquiry which arises is, were the facts of such a nature as to warrant the verdict and judgment rendered?

The payment of the premium is not claimed except by the draft forwarded to the agents of the company. In regard to this claim it is the established rule that a draft or check is not a payment of a debt in the absence of an express agreement that it is taken or received in payment. It is but a means by which payment may be obtained. It is conditional upon its being honored when presented, and if dishonored when presented it effects no payment of the debt for which it was drawn, unless there was an express agreement that it was to be accepted or received in payment. (2 Greenleaf, Evidence, sec. 520; 2 Daniel, Negotiable Instruments, sec. 1262; 2 Morse, Banks & Banking, sec. 543; 18 Am. & Eng. Ency. Law, 167; *Born v. First Nat. Bank of Indianapolis,* 7 L. R. A. [Ind.], 442; *Mullins v. Brown,* 32 Kan., 312; *National Bank of Commerce v. Chicago, B. & N. R. Co.,* 9 L. R. A. [Minn.], 263; *Holmes v. Briggs,* 131 Pa. St., 233; *League v. Waring,* 85 Pa. St., 244.) The fact that the agent of the company acknowledged the receipt of the draft and forwarded to the defendant in error his renewal receipt was not conclusive. The draft, when presented, was dishonored;

hence there was no payment and the receipt was of no force. (18 Am. & Eng. Ency. Law, 170, note in second column; *Weaver v. Nixon*, 69 Ga., 700; *Fleig v. Sleet*, 43 O. St., 53; *Weddigen v. Boston Elastic Fabric Co.*, 100 Mass., 422.)

We will next give our attention to the notice sent by the agents to defendant in error, by which they informed him of the approaching maturity of the insurance premium and requested that a remittance be made, such request being in terms as follows: "Please remit by bank draft, registered letter, express or post-office money order." It has been argued that this amounted to a direction relative to the manner of the remittance, a compliance with which on the part of defendant in error as to the manner or medium of remittance therein indicated constituted the remittance a payment of the premium, regardless of the ultimate outcome, or whether the agents or company, as a result of such action of defendant in error, subsequently received the money or not. The statement quoted from the notice amounted to a request at most, and was not binding upon the defendant in error. It might have been wholly disregarded, but compliance with it in any one of the ways or means suggested for the transmission of the amount necessary to meet the payment soon to be due was sufficient to entitle the defendant in error to claim such rights as thereby arose in his favor under the rules of business and law applicable thereto, but none other or further. He chose to remit by draft purchased at any bank of his own selection, to be drawn payable by any bank and at any place he chose to designate, and thereby placed the transaction and his rights thereunder within the rule that it was not a payment of the premium until the draft was received, presented, and honored. It is not claimed that there was any unreasonable delay in the presentment of the draft, and what would have been the effect of such fact upon the rights of the parties, respectively, need not be examined or stated.

There are some other errors assigned, but the conclusion which we have reached on this one renders their discussion unnecessary. It follows from what has been determined that the premium had not been paid, and the verdict of the jury was not supported by the evidence. The judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.