Mary A. Brady, Appellant, *v.* Northwestern Masonic Aid Association.

*Insurance—Life insurance—Payment of premium—Condition precedent.*
Where a policy of life insurance provides that the policy shall not be binding until the first premium shall have been paid, and it appears in an action upon the policy that the company had received nothing from the insured except a worthless check, the policy should not be admitted in evidence, and a judgment of nonsuit against the plaintiff is properly entered.

Argued March 22, 1899.  Appeal, No. 18, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 72, refusing to take off nonsuit.  Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Assumpsit upon a policy of life insurance.

At the trial it appeared that a policy on the life of Frank J. Brady, in the sum of $10,000, in favor of his sister, the plaintiff, was issued by the defendant and delivered to Brady by W. H. Stirling, defendant's general agent.  Brady gave Stirling a worthless check in payment of the first premium.

The policy provided as follows : " In consideration of . . . . and of the payment of all premiums herein required, the first of which must be paid on the delivery hereof and before this policy shall in any manner be binding upon the association."

After the check had been dishonored, Brady returned the policy to Stirling who retained it until after Brady's death, when he returned it to the defendant association.  During the trial,

plaintiff called upon the defendant to produce the policy. The court refused to admit the policy in evidence saying:

This case is so simple and so plain that there is no occasion to consider what the conditions might be if the facts were otherwise than they are. The facts are that this policy, under its terms, was to go into effect upon payment of a premium. Now what was done was that Mr. Brady gave a worthless check, and as has been cited here, the presentation of a check is a representation that there is money to pay it, and therefore this is in the same position as if it had been paid in counterfeit money, and I sustain the objection to the policy. [2]

The court entered judgment of nonsuit which it subsequently refused to take off. [1]

*Errors assigned* were (1) refusal to take off nonsuit; (2) rulings on evidence, quoting the bill of exceptions.

*Benj. F. Perkins*, with him *John F. Keator* and *John S. Freemann*, for appellant.—W. H. Stirling had authority to waive the stipulation requiring repayment of the premium: Richards on Insurance, sec. 93; May on Insurance (3d ed.), sec. 360; Elkins & Co. .v. Ins. Co., 113 Pa. 386; The People v. Ins. Co., 65 How. Prac. (N. Y.) 239; Continental Life Ins. Co. v. Ashcraft, 18 W. N. C. 97; Lycoming Mut. Fire Ins. Co. v. Bedford, 2 W. N. C. 529; Lebanon Mut. Ins. Co. v. Hoover, 113 Pa. 591; McCullough v. Ins. Co., 2 Pa. Superior Ct. 233; Von Wein v. Scottish, etc., Ins. Co., 20 Jones & Spencer, 490; N. Y. Life Ins. Co. v. McGowan, 18 Kansas, 300; Trager v. Ins. Co., 31 La. Ann. 235; Robinson v. Ins. Co., 18 Hun (N. Y.), 395; Behler v. Fire Ins. Co., 68 Ind. 347; Sheldon v. Conn. Mut. Life Ins. Co., 25 Conn. 207; Michigan Mut. Life Ins. Co. v. Hall, 60 Ill. App. 159.

Once the policy is in force, the beneficiary's right is vested, and cannot be defeated without his consent: 1 Biddle on Ins. sec. 285; May on Ins. (3d ed.) sec. 399; Chapin v. Fellowes, 36 Conn. 132; Matlack v. Bank, 180 Pa. 360; Morris v. Life Assurance Co., 183 Pa. 563; Grant v. Ins. Co., 5 Ind. 23; May on Insurance (3d ed.), sec. 342.

*Ira J. Williams* and *Simpson & Brown*, for appellee, were not

heard, but in their printed brief said: The first premium never having been paid, the insurance never attached: Marland v. Ins. Co., 71 Pa. 393; Washington Mut. Fire Ins. Co. v. Rosenberger, 84 Pa. 373; Pottsville Mut. Fire Ins. Co. v. Minnequa Springs Imp. Co., 100 Pa. 139; Lantz v. Ins. Co., 139 Pa. 546; Ormond v. Mut. Life Assn., 1 S. E. Rep. 796; Hoyt v. Mutual Benefit Life Ins. Co., 98 Mass. 539; Markey v. Mutual Benefit Life Ins. Co., 103 Mass. 78; Heiman v. Phœnix Mut. Life Ins. Co., 17 Minn. 153; St. Louis Mut. Life Ins. Co. v. Kennedy, 6 Bush. (Ky.) 450; Brown v. Ins. Co., 59 N. H. 298; Conway v. Phœnix Mutual Life Ins. Co., 140 N. Y. 79; Whitley v. Ins. Co., 71 N. C. 480; Ins. Co. v. Wright, 23 How. (U. S.) 407; Hardie v. Ins. Co., 26 La. Ann. 242; Coombs v. Ins. Co., 65 Me. 382; Bradley v. Ins. Co., 32 Md. 114; Mulrey v. Ins. Co., 4 Allen, 116; Bidwell v. Ins. Co., 40 Mo. 42; Ashbrook v. Ins. Co., 94 Mo. 72; Holly v. Ins. Co., 105 N. Y. 444; Tait v. Ins. Co., 1 Flippin, 288; Ins. Co. v. McMillen, 24 Ohio, 67.

Under this provision the insurance could not attach until the premium was paid.

This provision was brought home to Brady's knowledge both in the application and in the certificate itself, and he knew that the policy would not go into effect until the payment of the premium.

All the evidence shows conclusively that the premium was not paid.

This clause expressly forbade any agent to give credit for the premium or to effect insurance without payment therefor.

Granting that the agent had such power, there is no evidence that he ever attempted or intended to waive the payment.

Per Curiam, April 3, 1899:

We find nothing in this case that would have justified the court below in taking off the judgment of nonsuit. For reasons given by the learned trial judge, he was clearly right " in refusing to admit in evidence the policy of insurance upon which suit was brought," as set forth in the second specification. The evidence covered by the bill of exceptions is wholly insufficient to justify the submission of plaintiff's claim to a jury.

Judgment affirmed.