# Snyder *v.* Nederland Life Insurance Company, Appellant.

*Insurance—Life insurance—Waiver—Payment of first premium.*

A life insurance company may waive a stipulation, made solely for its protection, that no liability shall attach until the first premium is actually paid to it, or to its authorized agent, and its general agent may bind it in this regard.

*Insurance—Life insurance— Condition of delivery of policy—Payment of first premium.*

The question whether there has been an absolute delivery of a policy of life insurance to take effect at once, or only a conditional delivery with the understanding that the policy which was on the life of an agent was not to go into effect until the premium had been earned, is a question for the jury.

*Insurance—Life insurance—Payment of first premium—Policy on agent's own life.*

An action may be maintained and a recovery had on a policy of life insurance on which the first premium had not been paid, where it appears that the insured had been appointed a local agent of the company, and the policy was delivered to him, under the agreement that the commissions which he should earn should be applied by the company to the payment of the premium, notwithstanding the fact that he never earned any commissions.

Brady v. Northwestern Masonic Aid Assn., 190 Pa. 595, distinguished.

Argued Feb. 18, 1902.   Appeal, No. 303, Jan. T., 1901, by defendant, from judgment of C. P. Schuylkill Co., March T., 1896, No. 195, on verdict for plaintiff in case of Antoinette P. M. Snyder, Administratrix of John S. Snyder, Deceased, v. Nederland Life Insurance Company, Limited.   Before Mc-Collum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Assumpsit on a policy of life insurance.   Before Marr, J.

The opinion of the Supreme Court states the case.

Plaintiff's points among others were as follows:

1. The unconditional delivery of a policy of insurance by the insurance company, or its authorized agent, to the insured, and his retention thereof and his possession of the same at the time of his death, are presumptive evidence that the premium

thereon has been paid by the insured. *Answer:* This point is affirmed. [1]

2. That the provision in the policy requiring the prepayment of the premium is for the benefit of the insurance company, and the company may waive such prepayment and deliver its policy to the insured without exacting prepayment of the premium; and in such case the policy is valid and binding upon the company. *Answer:* This point is affirmed, unless the jury find that the policy was left with the insured, but was not to go into effect until payment of the premium, either in cash or by services rendered. [2]

Verdict and judgment for plaintiff for $2,530. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*D. C. Henning*, for appellant.—It will be seen that the policy provides that it shall not go into effect until the whole of the first premium shall be paid by the insured party, and that as no part of this money was ever paid, the policy was and is wholly inoperative, without consideration and of no effect whatever: Brady v. Northwestern Masonic Aid Assn., 190 Pa. 597; Lantz v. Ins. Co., 139 Pa. 546; Pottsville Mut. Fire Ins. Co. v. Improvement Co., 100 Pa. 139; Washington Mutual Fire Ins. Co. v. Rosenberger, 84 Pa. 373; Life Ins. Co. v. McMillen, 24 Ohio, 67; Tait v. Life Ins. Co., 1 Flippin, 288; Holly v. Ins. Co., 105 N. Y. 444; Ashbrook v. Life Ins. Co., 94 Mo. 72; Mulrey v. Ins. Co., 4 Allen, 116; Bradley v. Fire Ins. Co., 32 Md. 114; Coombs v. Life Ins. Co., 65 Me. 382; Ins. Co. v. Wright, 23 Howard (U. S.), 407; Conway v. Phœnix Mut. Life Ins. Co., 140 N. Y. 79; Markey v. Mutual Benefit Life Ins. Co., 103 Mass. 78.

*A. W. Schalck*, for appellee, cited: Smaldone v. Ins. Co., 162 N. Y. 580; 57 N. E. Repr. 168; Walker v. Phœnix Ins. Co., 156 N. Y. 628; 51 N. E. Repr. 392; Stewart v. Life Ins. Co., 155 N. Y. 257; 49 N. E. Repr. 876; Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473; 34 N. E. Repr. 289; Steen v. Fire Ins. Co., 89 N. Y. 315; Church v. Lafayette Fire Ins. Co.,

66 N. Y. 222; Bodine v. Exchange Fire Ins. Co., 51 N. Y. 117.

OPINION BY MR. JUSTICE FELL, March 24, 1902:

This action was on a policy of life insurance on which the first premium had not been paid. The insured had been appointed a local agent of the company, and the policy was delivered to him under the agreement that the commissions that he should earn should be applied by the company to the payment of the premium. He died suddenly a few weeks after receiving the policy and while in the service of the company, but before he had earned any commissions. The agreement as to the delivery of the policy and as to the manner in which the premium was to be paid was made either with the general agent of the company, which is a foreign corporation, or with a subagent with the full knowledge and approval of the general agent, to whom the premium was charged by the company. The company could waive the stipulation, made solely for its protection, that no liability should attach until the first premium was actually paid to it or to its authorized agent, and its general agent could bind it in this regard: Elkins, etc., Co. v. Susquehanna Mutual Fire Insurance Co., 113 Pa. 386.

The real question at the trial was whether there has been an absolute delivery of the policy to take effect at once, or only a conditional delivery with the understanding that the policy was not to go into effect until the premium had been earned. This question was for the jury, to whom it was submitted with clear and adequate instructions. Brady v. Northwestern Masonic Aid Association, 190 Pa. 595, relied on by the appellant, is not in point. In that case a worthless check had been given by the insured in payment of the premium. After the check was dishonored, the policy was returned to the agent, who retained it in his possession. There was no intention to waive a condition of the policy and to extend credit to the insured.

The judgment is affirmed.