## GARAVAGLIO v. VERONA MINING CO.

1. PAYMENT—CHECKS—QUESTION FOR JURY.

Whether a check was given to an employee and accepted by him as absolute payment, *held*, a question of fact for the jury under the evidence presented.

2. SAME—LOST CHECK—REMEDY.

In the case of a lost check, received by an employee for services, his remedy against the employer, if the check was received as payment, would be to sue upon the check, giving the statutory bond (3 Comp. Laws 1915, §§ 12543, 12544), if not so received, he could maintain an action for his salary.

3. MASTER AND SERVANT—PENALTY FOR NONPAYMENT OF SALARY.

An employee suing for services on a lost check is not entitled to recover the penalty provided in 2 Comp. Laws 1915, § 5585.

Error to Gogebic; O'Brien (Patrick H.), J., presiding. Submitted April 15, 1920. (Docket No. 68.) Decided June 7, 1920. Rehearing denied October 13, 1920.

Assumpsit by Enrico Garavaglio against the Verona Mining Company for services rendered. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Julius J. Patek*, for appellant.

*James A. O'Neill*, for appellee.

MOORE, C. J. The plaintiff was a miner who worked for the defendant. He brought this suit December 14, 1917; to recover for two months' work done by him. He received from defendant on pay days two checks, one dated August 12, 1917, for $47, and an-

other dated September 21, 1917, for $57.50. These checks were both drawn on the First National Bank of Bessemer, were payable to plaintiff or order, and were in the usual form except that the check for $47 had printed thereon: "This check is not payable at the bank unless presented within 60 days from date."

It is the claim of the plaintiff these checks were stolen from his trunk without his indorsement, December 4, 1917. When he found they were gone plaintiff notified the defendant of the loss of the checks and demanded pay for his labor. Ten days later this action was commenced on the original indebtedness to recover not only for the labor, but in addition thereto the penalty provided by section 5585, 2 Comp. Laws 1915.

The defendant, under its plea of the general issue, gave notice of the giving of the checks as a matter of defense. The case was tried June 5, 1918. At that time the checks had not been presented at the bank. Each party moved for a directed verdict.

We quote from the brief of defendant:

"It is the contention of the defendant that the acceptance by plaintiff of the checks constituted conditional payment, the conditions being that the defendant had funds to its credit in the bank upon which the checks were drawn sufficient to pay the checks, and that the bank was solvent, and both of these conditions having been fulfilled, if the plaintiff lost the checks, his remedy was an action on those instruments, and as they were both negotiable instruments, to maintain such action, he would be required to furnish the bond provided for in sections 12543 and 12544, 3 Comp. Laws 1915, indemnifying the defendant against claims of other persons on account of the outstanding checks."

The trial judge accepted this contention and directed a verdict for the defendant. The case is brought here by writ of error.

Did the court err in disposing of the case as a question of law?

In 21 R. C. L., "Payment," § 59, it is said:

"With the exception of a few jurisdictions the authorities are unanimous in supporting the rule that the giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid; and the debt is not discharged until the check is paid, or the check is accepted at the bank at which it is made payable. This has often been held true even where the person entitled to receive the money expresses a preference for its payment by check, but does not agree to assume the risk of its being honored." Citing a very large number of cases.

Section 63 of the same authority reads in part:

"The fact that a check or draft was received in absolute payment may be established by showing an express agreement to that effect, or by showing such circumstances as will satisfy the mind that such was the understanding of the parties at the time the check was taken. There is no presumption that a creditor takes a check in absolute payment arising from the mere fact that he accepts it from the debtor. * * *

"Whether a check is given and accepted as absolute payment is a question of fact to be determined by the jury on the evidence presented."

We think the question of whether the checks were received as payment should have been submitted to the jury as a question of fact. If they were, then plaintiff should have sued upon the checks, giving the bond mentioned in the statute. If they were not received as payment the present action could be maintained. This conclusion requires a reversal of the judgment.

As there must be a new trial we should state our views upon the question of whether plaintiff may re-

cover the penalty provided in section 5585, 2 Comp. Laws 1915. A reading of this section will show most clearly that it was not intended for a situation like that shown in the instant case.

For the reason stated the judgment is reversed and a new trial ordered, with costs to the plaintiff.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.