## Krebs et al. v. Tomlinson et al.

*J. J. Haberstroh*, for plaintiffs; *R. J. Puderbaugh*, for defendants.

PATTERSON, P. J., Feb. 25, 1929.—This is a rule by the defendants to show cause why a certain judgment, dated July 9, 1927, for $529.80, payable in sixty days to the order of the plaintiffs, H. M. Krebs and F. E. Grabill, and entered against the defendants, C. J. Tomlinson and W. A. Tomlinson, to No. 244, June Term, 1927, should not be opened and the defendants allowed to defend and answer thereto.

On the date of the execution and delivery of said judgment note, defendants contracted with the plaintiffs for the issuing of life insurance policies in the sum of $10,000 on the lives of defendants by the Reliance Life Insurance Company of Pittsburgh, represented by plaintiffs as their agents. The amount of the said note represented the first year's premium on said policies. The testimony taken by the parties, in the form of depositions, shows that said note, with the application for said insurance, executed on the same day, was forwarded to the home office of the insurance company at Pittsburgh, and after due investigation accepted by said company and policies of insurance pursuant thereto issued on the lives of defendants. Said policies were later delivered to and accepted by defendants, who subsequently returned the policies to the home office at Pittsburgh, who, in turn, forwarded them to plaintiffs, the agents, who again delivered them to defendants by personally leaving them on the desk in defendants' place of business and in the presence of the defendants. The insurance on the lives of defendants was in effect from the date of the execution of said note to the expiration of thirteen months thereafter, being a period of one year, for which the premium was paid, and thirty days' grace for further payment, as stipulated in said policies. The defendants now undertake to repudiate said obligation on their part as represented by the judgment of record, and contend that their petition and the testimony warrant the opening of the judgment to permit the proposed defense. With

this contention we cannot agree. The defendants' petition sets forth, in the concluding part of paragraph 7: "That in pursuance of said agreement the defendants canceled the said policies before delivery and so notified the Reliance Life Insurance Company and H. M. Krebs and F. E. Grabill;" and setting forth in other parts of said petition the averment that since the premium had not been paid by them, that no insurance was, therefore, in effect and that they had a verbal agreement with the agents of said company which gave them the option of canceling the said policies at a later date if they so desired. This agreement, however, was not reduced to writing and it is not satisfactorily proven by oral testimony, and it is in contradiction to the part of said paragraph 7, which immediately follows its averment, to wit, "that the note upon which judgment has been entered in this cause is the same note that was signed as part of the application for insurance and represents the first annual premium on said policies."

It is not disputed that said note was made payable to the plaintiffs, the agents, personally and that the amount it represented, being the amount of the first year's premium on said policies, was paid in cash by said plaintiffs and that the policies of insurance continued in full force from the date of the issuance of the same to the expiration of a period of thirteen months. And had either of the defendants died during this period, the full amount of insurance due would have been promptly paid under the terms of said policy, as the premium was fully paid, the risks approved and the policies regularly issued. The insurance company was, therefore, bound for the period stated. The contract was closed. The defendants cannot withdraw from their obligation to the agents any more than the insurance company could have repudiated the risk which it assumed, and for the sum represented by this judgment the defendants enjoyed the benefit and advantage of said policies for said period.

There is no evidence of fraud or deceit in the procuring of said contract of insurance, and the only testimony offered by the defendants is to the effect that there was not a sufficient delivery of the policies. Neither of the defendants testifies to any fraudulent transactions on the part of the agents. We, therefore, conclude that the entire transaction was free from any suggestion of fraud; that it was fair in every respect; that the insurance company was bound by the terms of said contract, and that there were no terms in said contract that made it optional on the part of the defendants to repudiate the same at their will.

The cases holding that insurance is not in effect until the first year's premium is paid are not applicable here, for the reason that the judgment note, accepted by the insurance agents, approved by the insurance company and actually paid when due by the insurance agent, constituted a payment in full of the first year's premium by the defendants. The cases referred to by the defendants' counsel are all cases where there was a failure of payment of the first year's premium on the part of the insured.

In 32 Corpus Juris, § 239, col. 1134, the law governing this case is clearly stated as follows: "Where an agent of a company, upon his individual responsibility, extends credit for the premium to insured, as by accepting note of the insured payable to the agent individually, and pays the amount to, or is charged with it by, the company, the payment inures to the benefit of the insured and consummates the contract."

In Essington Enamel Co. v. Granite State Fire Ins. Co., 45 Pa. Superior Ct. 550, it is held: "When the usual course of dealing between an insurance company and its agent is for the company to treat the agent as its debtor for the premiums on policies written by him, payment of the premium by the insured

128

to the agent is payment to the company:" Pennsylvania Ins. Co. *v.* Carter, 8 Sadler, 191; Elkins *v.* Insurance Co., 113 Pa. 386.

And when a policy is delivered without exacting the payment of the premium, the presumption is raised that a credit is extended and is a waiver of a condition of prepayment: Universal Fire Ins. Co. *v.* Block, 109 Pa. 535; Snyder *v.* Insurance Co., 202 Pa. 161.

"It has been held many times that even if the policy provides that it should not take effect until the premium is paid in cash, the general agent has power to give a credit and will be held to have waived it if he delivered the policy without enforcing payment of the premium and that the countersigning agent is such an agent:" 16 Am. & Eng. Cyc. of Law (2nd ed.), 859.

### Decree.

Now, therefore, Feb. 25, 1929, upon due consideration of the pleadings, the depositions and the arguments of counsel and the law submitted, it is ordered, adjudged and decreed that the rule heretofore granted is hereby discharged.

From Robert W. Smith, Hollidaysburg, Pa.