EDGAR S. HARE *et al. v.* CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *of Hartford, Conn.*

(No. 7765)

Submitted February 27, 1934. Decided March 6, 1934.
(Rehearing denied April 9, 1934)

*Thomas J. Potts, John D. Phillips, Schmidt, Hugus & Laas* and *Nesbitt & Nesbitt,* for plaintiff in error.
*Austin V. Wood,* for defendants in error.

HATCHER, JUDGE:

This action involves the effect of a worthless check given in payment of an insurance premium.

Plaintiffs (residents of Wheeling, West Virginia) were the beneficiaries in a life insurance policy of defendant insurance

company held by F. A. Hare of Washington, Pennsylvania. The insured elected to pay the premiums in quarterly installments. The second installment for the year 1929, which fell due on September 12th, was not paid when due, nor within the thirty-one days of grace thereafter permitted by the policy. By the terms thereof, the policy then lapsed. On October 22nd, the insured delivered to a local agent of the defendant his check on a local bank for the installment. The check was payable to defendant's general agent at Pittsburgh to whom the check was forwarded. On October 24th, the general agent entered the check on his books as a cash payment and sent a receipt for the payment to the insured. He then forwarded his personal check for the premium to the defendant. The check of Mr. Hare was presented to the local bank on October 25th. Payment was refused on the ground of insufficient funds. The general agent received notice of the refusal on October 26th. He immediately wrote to the insured that the check had been protested. The insured did not answer the letter or make the check good. By offers which were improperly rejected (the record being vouched) the defendant would have shown that the general agent directed the local agent to secure either payment of the premium or return of the receipt from Mr. Hare; and that the local agent attempted to do so, but was baffled by Mr. Hare. "Within four days" after October 24th, the general agent crossed out the entry of payment on his records and made an entry that the policy had lapsed. Upon being notified that Mr. Hare's check had been dishonored, the defendant returned the premium to the general agent. The insured departed this life on October 31, 1929.

Plaintiffs brought suit on the policy in May, 1930, in the common pleas court of Washington County, Pennsylvania. A trial was had in May, 1931, and the plaintiffs were required to take a "compulsory non-suit".

Plaintiffs brought the instant suit upon the same policy in the circuit court of Ohio County, West Virginia, in November, 1931. The defendant pleaded (1) the ruling of the Pennsylvania court as *res judicata,* and (2) lapse of the policy. A verdict was returned and judgment rendered in favor of plaintiffs. The defendant secured a writ of error.

1. *Cleary* v. *Cab Co.*, 285 Pa. 241, 249, 132 A. 185, 188, holds that, despite decisions elsewhere, it is settled in Pennsylvania that ''the mere entry of a non-suit even on the merits of a case renders none of the issues involved *res judicata.*''

2. The premium is the price of the insurance and payment of the premium is of the essence of the insurance contract. No payment—no insurance. A worthless check is not a payment of anything. Plaintiffs do not controvert these general principles, but say that the acts of the general agent (i.e. entering the Hare check on his records as payment, issuing a receipt as for cash, and sending his personal check to defendant) constituted payment of the premium to defendant, and made further transactions between him and Mr. Hare concerning the latter's check, personal matters.

*Lebanon Ins. Co.* v. *Hoover*, 113 Pa. 591, 598-9, 8 A. 163, is relied on especially by the plaintiffs. In that case, however, it was arranged between the company and its local agent that he should be personally liable to the company for the premiums on all policies procured through him. Pursuant to that arrangement the agent extended personal credit to the assured for premiums and periodically accounted therefor to the company whether he had received payments from the assured or not. No such arrangement existed here. The general agent testified without contradiction that the entries on his records were routine; that he extended no credit to Mr. Hare but dealt with the Hare check solely on the supposition that it was good; and that he did not become liable to the defendant for the Hare premium in any sense whatever. So the *Lebanon* case has no bearing here.

*Snyder* v. *Ins. Co.*, 202 Pa. 161, 51 A. 744, is also relied upon by plaintiff. There, the policy was forwarded by the company to a local agent ''under the agreement that the commissions which he should earn should be applied by the company to the payment of the premium.'' The policy was delivered to the assured by the agent without exacting payment of premium. It was held to be a valid delivery binding on the company, notwithstanding the fact that the agent ''never earned any commissions.'' In that case the court was careful to distinguish *Brady* v. *N. W. Ass'n*, 190 Pa. 595, 42 A. 962,

(hereinafter referred to) and for apparent reasons the instant case is also distinguished.

Plaintiffs cite *Goodbar* v. *Ins. Co.*, 89 W. Va. 221, 108 S. E. 896. In that case plaintiff did recover, although the assured was in arrears on the premium. The recovery was based, however, on evidence that an authorized agent of the company had expressly waived cash payment (in full) of the premium. There is no claim here of *express waiver*. Even if West Virginia decisions were pertinent, the *Goodbar* case would have no application to this case.

Plaintiffs cite numerous cases in support of their position from jurisdictions other than Pennsylvania and West Virginia. We do not deem it necessary, however, to comment further on their citations. They all have vital points of difference from the instant case. Since the transactions herein happened entirely within the State of Pennsylvania, they must be judged by the laws of that state. The following Pennsylvania decisions make actual payment essential in the absence of an understanding to the contrary:

(a) "A lapsed policy can be restored to life, so far as the assured is concerned, only by actual payment and acceptance of the premium, or by a contract based upon a sufficient consideration." *Lantz* v. *Ins. Co.*, 139 Pa. 546, 21 A. 80, 84 (b) " * * * the mere acceptance by a creditor from a debtor of a check is not an absolute, but a conditional payment defeasible on the non-payment of the check. To make the check an absolute payment there must be an express agreement to receive it as such, and the burden of proof is on him who asserts such contract." *Wedmore* v. *McInnes,* 69 Pa. Super. Ct. 220. Accord: *Kilpatrick* v. *Association,* 119 Pa. 30, 36, 12 A. 754; *Philadelphia* v. *Neil,* 211 Pa. 353, 60 A. 1033. (Incidentally, the West Virginia decisions are in entire accord with those of Pennsylvania on this point. See *Cox* v. *Boone,* 8 W. Va. 500; *Garrett* v. *Patton,* 81 W. Va. 771, 774, 95 S. E. 437.) (c) "Where * * * the company had received nothing from the insured except a worthless check, * * * a judgment of non-suit against the plaintiff is properly entered." *Brady* v. *N. W. Association,* 190 Pa. 595, 42 A. 962.

The Pennsylvania decisions are in line with the general law. Morse on Banks (6th Ed.), sec. 543; 48 C. J., subject

*Payment,* sec. 50; 21 R. C. L., *idem,* secs. 59 and 62. Among accordant cases from other states the following are especially in point: *Insurance Co.* v. *Goble,* 51 Neb. 5, 70 N. W. 503; *Bank* v. *Shupak,* 54 Mont. 542, 172 P. 324; *Hayworth* v. *Insurance Co.,* 190 N. C. 757, 759, 130 S. E. 612; *Insurance Co.* v. *Oregon Co.,* 27 N. Y. Supp. 794, 798; *Ross* v. *Insurance Co..* 225 Ala. 410, 143 So. 827.

Plaintiffs admit that the giving of a check for a pre-existing debt is not payment, but contend that a check given in a concurrent transaction (such as the one here) is payment in the absence of an agreement to the contrary, citing several court decisions, Williston on Contracts, sec. 1922, and Anson on Contracts (Corbins Ed.), p. 494. The cases cited (so far as they support plaintiffs) are not in accord with the Pennsylvania decisions and are opposed to the great weight of authority. The texts cited do not sustain the contention. Williston says, "When a bill or note is given for a debt contemporaneously created * * * generally here also it would be held merely conditional payment." Anson says, "The presumption, where a negotiable instrument is taken in lieu of a money payment is that the parties intended it to be a conditional discharge." Plaintiffs quote from *McIntyre* v. *Kennedy,* 29 Pa. 448, 453, to the effect that the note of *a third* person, "accepted in payment at the time a purchase is made" is presumed to be taken in absolute satisfaction of the debt. Mr. Hare did not tender the check or note of a third person; so the quotation has no application here. (See *Greenough* v. *Munroe,* 53 F. (2d) 362, 80 A. L. R. 797, qualifying that rule.)

Plaintiffs rely on an admission of the general agent that whenever he advanced to the defendant the money for the payment of a premium, it then became "a purely personal transaction." That admission does not apply to this situation. The premium check was not payable to the general agent personally, but to him as "Gen. Agt." He had no reason to anticipate that the check would be dishonored. He was not asked to advance the payment of the Hare premium and no consideration is shown for such an advance. He was not asked to extend any credit whatsoever to Mr. Hare and no reason appears why he should have done so voluntarily. His uncontroverted evidence destroys any inference favorable to

plaintiffs which might arise from his conduct in issuing a receipt for the Hare check and in sending his own check to the company for the premium. His conduct throughout was official and not personal. His entire course demonstrates that he treated the Hare check strictly as a conditional cash payment.

The judgment of the circuit court is accordingly reversed and the case remanded.

*Reversed and remanded.*