WRIGGELSWORTH *v.* LOTT.

1. PAYMENT—CHECK—CONDITIONS—PRESUMPTIONS.

In the absence of an express agreement that draft or check is taken or received in payment of a debt it is not presumed to be payment thereof as it is conditioned upon its being honored when presented.

2. SAME—CHECK AS ABSOLUTE PAYMENT—EXPRESS AGREEMENT—QUESTION FOR JURY.

The fact that a check or draft was received in absolute payment may be established by showing an express agreement to that effect, or by showing such circumstances as will satisfy the mind that such was the understanding of the parties at the time the check was taken, and the question. of whether a check was given or accepted as absolute payment is one of fact for the jury.

3. SAME—SURRENDER OF NOTE—CHECKS.

An agreement that a check is received in satisfaction of a note is not implied from the surrender or cancellation of the note for until the check is paid the note is in force.

4. SAME—POSTDATED CHECK—STATUTE OF LIMITATIONS.

In action on a promissory note wherein a postdated check was given in partial payment but it is disputed as to whether check became a payment at time given or on date appearing thereon and evidence supported finding of court, sitting without a jury, that payment was intended as of later date, although six years had elapsed since date check was given but not since later date, the statute of limitations did not bar recovery (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

Appeal from Livingston; Collins (Joseph H.), J. Submitted October 6, 1943. (Docket No. 20, Calendar No. 42,252.) Decided November 29, 1943.

Assumpsit by John Wriggelsworth against Floyd E. Lott on a promissory note. Judgment for plaintiff. Defendant appeals. Affirmed.

*Glenn C. Yelland,* for plaintiff.

*Stanley Berriman,* for defendant.

Sharpe, J. This is an action upon a promissory note. The case was tried before the court sitting as a jury.

The following facts are not in dispute. On May 19, 1919, defendant, Floyd E. Lott, signed a promissory note in the amount of $675 payable to plaintiff, John Wriggelsworth, the due date of which was September 19, 1919. The following indorsement is found upon the note: "Nov. 26, 1935. Received to apply $25." The record shows that of the $25 payment indorsed on the note, $17.92 was for cement purchased from defendant and the balance $7.08 was in the form of a check dated November 26, 1935, but actually given on November 16, 1935. It is conceded that if the last payment on the note is November 16, 1935, then plaintiff's claim is barred by the statute of limitations, but if the payment of the check is to be credited on the date mentioned thereon, then it is not so barred.

The trial court stated: "There isn't any evidence that would justify the court in finding this payment took place on the 16th, and the court would have to find, as far as the cement was concerned, that was on the 16th; and would have to find perhaps from the evidence this check was given on the 16th to be paid on the 26th." Judgment was entered in favor of plaintiff for the balance due on the note.

Defendant appeals and urges that plaintiff is not entitled to a judgment in any amount as his claim is

barred by 3 Comp. Laws 1929, § 13976, as last amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1943 Cum. Supp. § 27.605), commonly known as the statute of limitations, which provides:

"All actions in any of the courts of this State shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as herein specified."

In support of this claim, it is urged that the payment was made on November 16, 1935, the date that plaintiff accepted the check.

The intent of the parties at the time of the transfer of the check becomes all important. The record shows the following evidence as to why a postdated check was given:

"*Q.* Why were you giving a postdated check for such a small amount?

"*A.* Because I didn't have very much money in the bank at that time and that is why I did it."

In *Baumgardner* v. *Henry,* 131 Mich. 240, a case which involved payment of a commercial account of a retailer with a wholesaler, the court quoted the following insurance case as stating the rule:

"In *National Life-Ins. Co. of Vermont* v. *Goble,* 51 Neb. 5 (70 N. W. 503), it is said:

"The payment of the premium is not claimed except by the draft forwarded to the agents of the company. In regard to this claim, it is the established rule that a draft or check is not a payment of a debt, in the absence of an express agreement that it is taken or received in payment. It is but a means by which payment may be obtained. It is conditional upon its being honored when presented, and, if dishonored when presented, it effects no payment of the debt for which it was drawn, unless there

was an express agreement that it was to be accepted or received in payment. 2 Greenleaf, Evidence, § 520; 2 Daniel, Negotiable Instruments, § 1262; 2 Morse, Banks & Banking, § 543; 18 Am. & Eng. Enc. Law, p. 167; *Born* v. *First National Bank of Indianapolis*, 123 Ind. 78 (24 N. E. 173, 7 L. R. A. 442, 18 Am. St. Rep. 312); *Mullins* v. *Brown*, 32 Kan. 312 (4 Pac. 305).''

In *Garavaglio* v. *Verona Mining Co.*, 210 Mich. 675, an employee had been paid by checks which he claimed had been stolen. He sued his employer on the original indebtedness for services and the question arose as to whether the checks were received by the employee as payment. The court said:

''In 21 R. C. L., 'Payment,' p. 60, § 59, it is said: '' 'With the exception of a few jurisdictions the authorities are unanimous in supporting the rule that the giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt, the presumption being that the check is accepted on condition that it shall be paid; and the debt is not discharged until the check is paid, or the check is accepted at the bank at which it is made payable. This has often been held true even where the person entitled to receive the money expresses a preference for its payment by check, but does not agree to assume the risk of its being honored.' * * *

''Section 63, p. 64, of the same authority reads in part:

'' 'The fact that a check or draft was received in absolute payment may be established by showing an express agreement to that effect, or by showing such circumstances as will satisfy the mind that such was the understanding of the parties at the time the check was taken. There is no presumption that a creditor takes a check in absolute payment arising

from the mere fact that he accepts it from the debtor.  * * *

"'Whether a check is given and accepted as absolute payment is a question of fact to be determined by the jury on the evidence presented.'

"We think the question of whether the checks were received as payment should have been submitted to the jury as a question of fact."

And in *Philadelphia Life Ins. Co.* v. *Hayworth* (C. C. A.), 296 Fed. 339, 343, the court said:

"An agreement that a check is received in satisfaction of a note is not implied from the surrender or cancellation of the note. Until the check was paid the note was in force."

In *Bassett* v. *Merchants Trust Co.*, 118 Conn. 586, 595 (173 Atl. 777, 93 A. L. R. 1008), the court said:

"When a check or draft is given by a debtor to his creditor and accepted by the latter, the presumption is that it was intended by the parties as no more than a conditional payment. *Thomas* v. *Supervisors of Westchester County*, 115 N. Y. 47, 53 (21 N. E. 674, 4 L. R. A. 477); *Inter-State National Bank* v. *Ringo*, 72 Kan. 116, 122 (83 Pac. 119, 3 L. R. A. [N. S.] 1179, 115 Am. St. Rep. 176); 3 Daniel, Negotiable Instruments (7th Ed.), § 1448. Ordinarily the parties act, and the great volume of trade proceeds, upon the assumption that the condition will in due course be fulfilled. Thus the merchant who sells goods and receives a check therefor often credits the amount upon his books and perhaps issues a receipt purporting to show that the charge for them has been paid; or the holder of a note upon receipt of a check or draft offered in payment of it may surrender the note; but these and like facts in themselves will not destroy the presumption that only conditional payment has been made. They are the results of the assumption that the check or draft will ultimately be paid, rather than the evidence of

its acceptance in absolute payment. *Bradford* v. *Fox*, 38 N. Y. 289, 290; *Weddigen* v. *Boston Elastic Fabric Co.*, 100 Mass. 422; *Inter-State National Bank* v. *Ringo, supra; McFadden* v. *Follrath*, 114 Minn. 85 (130 N. W. 542, 37 L. R. A. [N. S.] 201); *Cheltenham Stone & Gravel Co.* v. *Gates Iron Works*, 124 Ill. 623, 627 (16 N. E. 923); 3 Daniel, Negotiable Instruments (7th Ed.), § 1458; 21 R. C. L. p. 64."

Under the authorities above cited the question of whether a check is received as payment becomes a question of fact. In the case at bar the time when the check was to become a payment is also a question of fact. We are in accord with the finding of the trial court that while the check was given on the 16th it was not intended to become a payment until its due date. Under such a finding of fact, the statute of limitations does not bar recovery in this case.

The judgment is affirmed, with costs.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.