18199

Charles R. CALLICUTT, d/b/a Textile Auto Sales, Respondent, v. Jessie Dean BROWN, Appellant

(135 S. E. (2d) 852)

*Clement L. McEachern, Esq.,* of Greenville, *for Appellant.*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

April 15, 1964.

Lewis, Associate Justice.

The defendant purchased an automobile from the plaintiff, executing a conditional sale contract as security for a part of the purchase price. Upon the failure of the defendant to meet the payments due under the contract, the automobile was sold and the proceeds of sale credited upon the indebtedness. After all proper credits, the defendant owed a balance and this action was brought to recover such deficiency. Upon the trial of the case, the lower court directed a verdict in favor of the plaintiff for the balance due and, from the judgment so entered, the defendant has appealed.

The parties agree in their briefs that the sole question involved is whether the lower court erred in directing a verdict for the plaintiff. The material facts are not in dispute.

The defendant purchased a 1957 Chevrolet automobile from the plaintiff, Charles R. Callicutt, d/b/a Textile Auto Sales, and executed a conditional sale contract which provided for the payment of a balance of $1,646.16 in 24 monthly installments of $68.59. This contract was then assigned by the plaintiff to Stephenson Finance Company. The defendant, after paying three installments on the contract, totalling $205.77, was unable to continue the payments and requested that Stephenson take possession of the automobile. Pursuant to this request of the defendant, Stephenson took possession of the vehicle and sold it at public sale after proper advertisement and written notice thereof to the defendant. The plaintiff purchased the automobile at the sale for the sum of $400.00. Thereafter, Stephenson credited the defendant with the proceeds of the sale and certain rebates, leaving a net balance due by the defendant of $589.46. The plaintiff testified that he was obligated to save Stephenson from any loss under the contract and repurchased the same after the sale in discharge of such obligation. Subsequently, the plaintiff instituted this action to recover the balance due by the defendant.

The complaint alleged substantially the foregoing facts, to which the defendant filed only a general denial. Therefore, the sole issues in the case were whether the defendant owed any indebtedness under the alleged conditional sale contract and, if so, in what amount.

Upon the trial of the case, the defendant admitted the execution by him of the conditional sale contract; that he made three payments thereunder but was unable to pay further installments; and that he, being in default in his payments, requested Stephenson to take possession of the automobile. The contract contained the usual provisions for sale of the property by the mortgagee in the event of default in the payment of the indebtedness secured thereby. The evidence is undisputed that, after default in the payment of the indebtedness, the automobile was peaceably repossessed by the mortgagee, and sold at a valid public sale under the provisions of Section 45-164 of the 1962 Code of Laws. There is no dispute as to the balance due. Under the foregoing undisputed facts, there was no issue remaining for submission to the jury, and the trial judge properly directed a verdict for the plaintiff. *Johnson Cotton Company v. Cannon,* 242 S. C. 42, 129 S. E. (2d) 750.

While the foregoing disposes of every issue properly before us, the defendant has mentioned two other questions in his brief, to which we will briefly refer.

The defendant states that there was evidence of a conspiracy between the plaintiff and Stephenson "to bid low on the car and get a nice deficiency judgment against him," and that this issue should have been submitted to the jury for determination. There are at least two sufficient reasons why this contention of the defendant must be dismissed. First, there is a total absence of testimony to sustain it. Secondly, the issue was not raised in any manner, or passed upon, in the lower court. It is well settled that an issue which has not been raised or passed upon by the court below will not be considered on appeal. *Franklin Savings & Loan Co. v. Riddle,* 216 S. C. 367,

57 S. E. (2d) 910; *Stanley v. Reserve Insurance Co.,* 238 S. C. 533, 121 S. E. (2d) 10.

Finally, the defendant says that the lower court erred in not holding that there was a defect of parties. The defendant, immediately after the jury was drawn, made an oral motion that Stephenson Finance Company be made a party plaintiff, apparently, upon the ground that the plaintiff was not the real party in interest. Assuming that this question was properly raised, the record fails to sustain defendant's position. The record shows that the plaintiff, at the time of the institution of this action, had been assigned all rights of Stephenson Finance Company under the conditional sale contract, which included the right to proceed for collection of the deficiency due by the defendant thereunder.

All exceptions have been considered, are overruled, and the judgment of the lower court affirmed.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.