19007

L. McNeil McCORMICK and Annie Lee T. McCormick, Appellants, v. STATE CAPITAL LIFE INSURANCE COMPANY, Respondent.

(172 S. E. (2d) 308)

*Messrs. Rankin & Johnson, Winston W. Vaught* and *Burroughs & Green,* all of Conway, *for Appellants,*

*John C. Thompson, Esq.,* of Conway, *for Respondent,*

January 28, 1970.

Moss, Chief Justice.

This action was instituted by L. McNeil McCormick and Annie Lee T. McCormick, the appellants herein, to recover death benefits under a policy of life insurance, in which they were named beneficiaries, issued by State Capital Life Insurance Company, the respondent herein, on the life of their son, George Charlton McCormick. It is admitted that the insured died on April 1, 1967, as a result of injuries sustained in an automobile accident.

The respondent, by its answer, alleged that the initial premium had never been paid and said policy of insurance was not in force and effect at the time of the death of George Charlton McCormick.

This case came on for trial before The Honorable George T. Gregory, Presiding Judge, and a jury, at the 1969 January Term of the Court of Common Pleas for Horry County. At the conclusion of all the testimony, the appellants and respondent moved for directed verdicts. The court granted the respondent's motion for a directed verdict on the ground that the initial premium on said policy of insurance was paid by the insured's check and such check was dishonored, even though presented twice to the bank on which it was drawn. The court further held that since the initial premium for said policy had not been paid, it was never in force and effect.

The appeal here presents the sole issue of whether or not the policy was in force and effect at the time of the death of the insured. The appellants contend that the court erred in refusing to submit to the jury the issue of whether the initial premium of the policy here involved had been paid in cash.

It appears from the record that on March 1, 1967, George Charlton McCormick made application for a life insurance policy with an agent of the respondent and delivered to such agent his check in the amount of $12.80, being the initial monthly premium. The application contained the provision that any policy issued pursuant thereto would not take effect unless and until it is delivered to the insured and the first premium is paid during his lifetime. The agent, on March 1, 1967, issued to the applicant a receipt which reads in part, as follows:

"Received from George Charlton McCormick, Twelve Dollars and 80/100 Cents in cash intended to be the first premium on a proposed insurance for $10,000.00 on the life of Geo. C. McCormick, * * *."

The receipt also provided that:

"This receipt must be for the whole amount of the first premium and such amount must be paid in cash to the Agent; otherwise this receipt is of no force or effect."

It is undisputed that on March 1, 1967, George Charlton McCormick issued his check to the respondent in the amount of $12.80 and drawn on the Wachovia Bank and Trust Company of Charlotte, North Carolina. It is likewise undisputed that the initial monthly premium was $12.80. The aforesaid check and the application for insurance was forwarded by the agent to the Home Office of the respondent in Raleigh, North Carolina. The check was deposited on March 8, 1967, and credited to the respondent's account in a Raleigh bank and the policy in question was issued. The agent in Charlotte received the policy on March 15, 1967, and took it to McCormick's apartment and delivered such

to his roommate, McCormick being absent at the time. Attached to the policy was a receipt acknowledging the payment of $12.80 on the policy issued and dated March 1, 1967. Endorsed on the reverse side of said receipt was the following: "If check, draft or money order is given in payment of this premium, the receipt shall be valid only if said check, draft or money order is paid upon presentation." There was also attached to the policy notice that a monthly premium in the amount of $12.80 would be due on April 1, 1967.

The check given by the applicant was, on March 14, 1967, returned to the respondent because he did not have on deposit sufficient funds to cover the check. The agent of the respondent in Charlotte was notified on March 16, 1967, that the applicant's check had been returned because of insufficient funds. This agent went to the applicant's apartment but was unable to see him because of his absence therefrom. Later he talked to him by telephone and, as a result of such conversation, the check was redeposited on March 16, 1967, in Raleigh. On March 20, 1967, the check was again returned to the respondent because the applicant did not have on deposit in the bank on which it was drawn sufficient funds to pay the check.

The agent who took the application for the insurance testified that the $12.80 check was given to pay the initial monthly premium and that he did not receive any cash from the applicant at that time nor at any other time.

When the motions of the respective parties for a directed verdict were being argued, the following colloquy took place between the court and counsel for the appellants.

"The Court: * * * Is it your contention that Mr. Heffner on March 1 received cash in addition to the check for $12.80 dated March 1?

"A. Yes, sir.

"The Court: Your contention further that additionally a cash payment was made on March 15 received by Mr. Tench?

"Mr. Rankin: Yes, sir."

A study of the entire record convinces us that the only reasonable inference to be drawn therefrom is that the check in the amount of $12.80 was the only payment tendered by the applicant for the first premium on the policy in question. To draw any other inference would require a finding that the applicant actually made two cash payments, on March 1 and March 15, 1967, respectively and one payment by check dated March 1, 1967 for the initial premium. There is no evidence to sustain the contention of the appellants that the applicant made two cash payments in addition to the one tendered by the check.

We have held that, in the absence of an express or implied agreement to the contrary, a check does not constitute payment unless it produces payment in cash, the presumption being that the check is accepted on the condition that it be paid. We have further held that the mere giving of a worthless check to the insurer does not effect the payment of a premium; the result being, if such check is given for the first premium, the coverage never goes into effect. *Burns v. Prudence Life Ins. Co.,* 243 S. C. 515, 134 S. E. (2d) 769; 14 Appleman, Insurance Law and Practice, Section 8144; 50 A. L. R. (2d), at page 630.

In the case of *Hare v. Connecticut Mut. Life Ins. Co.,* 114 W. Va. 679, 173 S. E. 772, it was held that the fact that insurer's general agent entered insured's check on agent's records as payment, issued receipt as for cash, and sent his personal check to insurer did not constitute payment of premium to insurer, as to render it liable where insured's check was worthless and insurer, on being so notified, had returned premium to general agent. In this case the Court said: "The premium is the price of the insurance and payment of the premium is of the essence of the insurance contract. No payment-no insurance. A worthless check is not a payment of anything."

It is well settled that when only one reasonable inference can be drawn from the testimony, the question is no longer one for the jury but one of law for the court. *Kennedy v. Carter,* 249 S. C. 168, 153 S. E. (2d) 312. Here, the only reasonable inference that could be drawn from the testimony is that a check was delivered for the first monthly premium for the insurance policy applied for and this check was returned twice by the bank upon which it was drawn because the applicant did not have sufficient funds on deposit with which to pay said check. It follows that since the check for the payment of the first monthly premium was never paid, the insurance policy was never of any force or effect and afforded the applicant no coverage. The trial judge was correct in directing a verdict for the respondent.

The appellants charge the trial judge with error in refusing to submit the case to the jury on the issue of whether the respondent accepted the insured's check as an unconditional payment of the insurance premium. It was the contention of the appellants in the court below that the initial premium for the policy involved had been paid in cash. The question of whether the respondent accepted the insured's check as an unconditional payment of the premium was not raised in any manner, or passed upon in the lower court. It is well settled that an issue which has not been raised or passed upon by the court below will not be considered on appeal. *Callicutt v. Brown,* 244 S. C. 164, 135 S. E. (2d) 852; *Jarrell v. Jarrell,* 251 S. C. 583, 164 S. E. (2d) 572. It follows that this exception must be overruled.

The judgment of the lower court is,

Affirmed.

LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.

BUSSEY, J., concurs in result.